# Exhibit 4

# Motion to Reopen

# and

# Petition for Review

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KARL OLSON )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>CONDOLEEZZA RICE, in her capacity as )<br>Secretary of State, U.S. Department of State,)<br>et al., )<br>       Defendants. )<br>) | Civ. Act. No. 02-1371(GK) |

## PLAINTIFF'S MOTION TO REOPEN CASE, WITH POINTS AND AUTHORITIES, AND PETITION FOR REVIEW OF AGENCY DECISION ON REMAND

Plaintiff Karl Olson hereby moves to reopen the above-captioned case and requests judicial review of the November 7, 2005 Decision issued by the Foreign Service Grievance Board ("FSGB" or "Board") on remand from this Court. That Decision (attached herewith[1]) is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law and does not meet the standards of the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2). The above-captioned case was closed on February 9, 2005, after it was remanded to the FSGB.

Mr. Olson joined the Department of State ("DOS" or "Department") as a Foreign Service Officer in 1985, earning tenure in 1988 at the first possible opportunity. In addition to his present position as Arms Control Advisor at the U.S. Mission to the Organization for Security and Cooperation in Europe ("OSCE") in Vienna, Austria, Mr. Olson has served as Consular Officer in Monterrey, Mexico; as Consular and Fraud Officer in Bogotá, Colombia; as Chief of the Non-Immigrant Visa ("NIV") Section at the

---

[1] The FSGB appears to have misnumbered the pages in its Decision, skipping from page 43 to page 46.

*Exhibit 4*

06 1205

FILED
JUN 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Consulate General in Rio de Janeiro, Brazil; as Consul in Cape Verde (Spring 2001) and, most recently, as Consul in Haiti (Summer 2004). Mr. Olson is homosexual.

For the periods August 28, 1994 to April 15, 1995 and April 16, 1995 to April 15, 1996, Mr. Olson, while serving as NIV Chief in Rio, received falsely prejudicial and inaccurate Employee Evaluation Reports ("EERs") that omitted significant achievements. Consequently, on May 22, 1998, Mr. Olson filed a grievance with the DOS. After the Department denied his grievance, on November 25, 1998, Mr. Olson timely filed a grievance appeal with the FSGB. On April 4, 2002, the FSGB issued its Decision, rejecting Mr. Olson's claims. The FSGB found "weighty evidence" of an anti-homosexual atmosphere at the U.S. Mission in Brazil, but decided not to consider the evidence of anti-gay bias because it already had concluded that the EERs were fair and accurate. Administrative Record ("AR"), Part A at 1356.

Mr. Olson timely filed a Complaint and an Amended Complaint in this Court, on July 9, 2002 and September 11, 2002, respectively, requesting judicial review of the FSGB Decision. The Court ordered the defendants to submit a complete copy of the AR, referred to as the Record of Proceedings ("RoP") by the FSGB.

The parties filed cross-motions for summary judgment. In its Memorandum Opinion, entered February 4, 2005, the Court found that the FSGB decision was arbitrary and capricious for failure to consider whether anti-homosexual bias unfairly tainted Mr. Olson's EERs and noted that allegations of Mr. Olson's immediate supervisor's personal and managerial dysfunction were factors that should be considered on remand. Memorandum Opinion of February 4, 2005 ("Mem. Op.") at 9-11. Specifically, the Court held:

Exhibit 4        2

> The FSGB's decision was arbitrary and capricious because it failed to consider what the FSGB itself characterized as "weighty evidence" of Beffel's [the rating officer] and Zweifel's [the reviewing officer] anti-homosexual bias. AR at 1356. The FSGB was charged with determining whether Beffel and Zweifel had fairly reviewed Plaintiff's performance. Thus, evidence of any bias would clearly be relevant to a decision about the fairness and accuracy of their judgment. The FSGB, however, reasoned that it need not even consider the evidence of bias because it had already determined that the EERs were fair. The logic of this reasoning is hard to fathom. How could the FSGB conclude that the EERs were fair and accurate, and ignore a relevant factor, such as bias, in determining whether the subjective judgments contained in the EERs were fair and accurate? Thus, the FSGB's decision both fails to consider a relevant factor and fails to evince a "rational connection between the facts found and the choice made." State Farm, 463 U.S. at 43. Therefore, the FSGB's decision was arbitrary and capricious and must be remanded for the FSGB to consider evidence of alleged anti-homosexual bias. Mem. Op. at 11.

On remand, the FSGB denied all Mr. Olson's claims. The FSGB first based its credibility determination on the false premise that Mr. Olson's reviewing officer did not lie about not knowing of the cable that reported Mr. Olson for exhibiting homosexual preferences because the reviewing officer's name was automatically added to the cable by CableXpress. CableXpress, however, did not exist at that time (1994). Then, by summarizing, cherry-picking and employing a selective approach, purposely detrimental to Mr. Olson's case, the Board ignored relevant and material evidence, paraphrased witness statements omitting significant parts supportive of Mr. Olson, disregarded unrebutted evidence of anti-homosexual bias and finally decided that Mr. Olson's EERs were fair and accurate and not tainted by anti-homosexual bias. Moreover, in using similar illogical and unfathomable reasoning on remand as it had previously, the FSGB

Exhibit 4    3

ignored the unrefuted evidence of Mr. Olson's immediate supervisor's alcoholism and personal and managerial dysfunction and decided that he was not dysfunctional simply because he rose and remained in a position of supervisory duties. To make matters worse, the FSGB decision was tainted by prejudicial procedural errors which included, *inter alia*, the FSGB's *ex parte* communications with the DOS Grievance Staff and the FSGB's refusal to complete the RoP, despite two requests by the undersigned.

Mr. Olson respectfully requests that the Court reopen this case, examine the actions of the FSGB, including its *ex parte* communications with the DOS regarding Mr. Olson, the FSGB's refusal to complete the RoP, and the FSGB's withholding from the Court of over 300 pages of material that should have been part of the original AR,[2] review the FSGB's November 7, 2005 Decision, and hold that the FSGB Decision is arbitrary and capricious. Mr. Olson further requests that this Court:

A. Enter a judgment declaring that the acts and denials of remedies complained of herein are in violation of the APA, 5 U.S.C. Chapter 7, the Foreign Service Act of 1980, as amended (22 U.S.C. §3901 et seq.), 22 C.F.R. Chapter IX and other regulations and agreements implementing the Act, and the Due Process Clause of the Fifth Amendment;

---

[2] The defendants filed copies of Parts A and B of the AR on August 27, 2003. Realizing that the AR was incomplete, on September 15, 2003, Mr. Olson filed a motion requesting that the defendants submit the whole AR. In response, on September 23, 2003, in an Errata Notice of Filing of Amendment to the AR, Part A, the defendants turned over 40 missing pages, naming and numbering them Part A, 78A-78NN. These 40 pages were only part of 320 missing pages, all located in the same FSGB file. The defendants chose not to disclose the existence of the remaining documents to the Court or Mr. Olson. On April 6, 2005, upon reviewing the record in person at the FSGB office after the Court remanded the case to the FSGB, Mr. Olson found an entire file, consisting of 320 pages of material, including the 40 pages (Part A, 78A-78NN) submitted in the Errata Notice. At Mr. Olson's request, the FSGB labeled this section Part C and made it part of the RoP. To date, this material has not been filed with this Court.

Exhibit 4        4

B. Order the defendants to backdate Mr. Olson's promotion to FS-02 to the 1995 promotion cycle, with interest;

C. Order the defendants to promote Mr. Olson to FS-01, effective in the 2000 promotion cycle, with interest. His time-in-class/time-in-service as an FS-01 should begin after he enters an FS-01 position;

D. Order the removal of the tainted 1994-95 EER from Mr. Olson's Official Performance (EER) File and extend Mr. Olson's time-in-class and time-in-service by one additional year;

E. Order the expungement of all falsely prejudicial and inaccurate comments in the 1995-96 EER (and the retyping of the remainder so that the deletions are not apparent);

F. Order the expungement of any and all derogatory information in DOS records, including personnel files and records of the Bureaus of Consular Affairs, Diplomatic Security and Human Resources, resulting from these two EERs;

G. Order the inclusion in Mr. Olson's Official Performance (EER) File of the omission in his 1995-96 EER concerning his creditable contributions and efforts on the visa reciprocity issue and their positive effects on U.S. policy;

H. Order the defendants to assign Mr. Olson to an FS-01 position of his choice, to take effect within one year;

I. Order the defendants to provide Mr. Olson with a complete medical examination to restore Mr. Olson's Category 1 medical clearance;

Exhibit 4        5

J. Award reasonable attorney fees and costs, expenses and disbursements of this action, including consequential damages, pursuant to 22 U.S.C. § 4137(b)(5), and

K. Grant Mr. Olson such additional relief as may be just and appropriate.

Mr. Olson also requests that the Court issue a briefing schedule for this case.

The AR Parts A and B are still in the Court, but the Court lacks 320 pages of material that should have been provided by the defendants to the Court in August 2003 as AR Part C, but was not. The defendants still need to submit this AR Part C to the Court. In addition, a complete and accurate copy of the AR developed since this case was remanded to the FSGB must be submitted to the Court.

The Court is respectfully referred to the accompanying proposed Order.

                                        Respectfully submitted,


Date: March 6, 2006
                                        _____
                                        Janine M. Brookner, D.C. Bar #467360
                                        Counsel for Plaintiff Karl Olson
                                        3645 St. Mary's Pl., NW
                                        Washington, DC 20007
                                        (202) 338-5743

Attachment:
November 7, 2005   FSGB Decision: Remand

Exhibit 4       6