UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                              )
KARL OLSON,                                        )
                                                              )
        Plaintiff,                                      )
                                                              )
                v.                                           )        Civil Action No.  06-1205 (GK)
                                                              )
CONDOLEEZZA RICE, Secretary of State, )
                                                              )
        Defendant.                                   )
_____)

## DEFENDANT'S ANSWER

Defendant Condoleezza Rice, in her official capacity as Secretary of the U.S.

Department of State, and by and through her undersigned counsel, respectfully responds

to the Complaint as follows:

The first un-numbered paragraph of the Complaint contains plaintiff's description

and characterization of this action to which no response is required.  To the extent this

paragraph contains an allegation of fact, defendant denies it, except to admit that Karl

Olson is a Foreign Service Officer and that on November 7, 2005, the Foreign Service

Grievance Board ("FSGB") issued a final decision on remand from this Court.

Defendant further notes that review in this case will be limited to the record before the

Foreign Service Grievance Board.  Thus, the only facts and assertions that are relevant

are those that are contained in the administrative record.  Although the lengthy Complaint

does not cite to the administrative record, undersigned counsel has made a good faith

effort to locate the source of each factual assertion and to either admit or deny the

assertion, if appropriate. Where Defendant has been unable to find any basis for an assertion in its review of the record, or in other readily available sources, she lacks sufficient knowledge and information to form a belief and, accordingly, neither admits nor denies the assertion and notes that the administrative record is the best evidence of its contents. With regard to factual assertions that are not based on materials in the administrative record, the Defendant respectfully reserves, and does not waive, any argument that such assertions should not be before the Court.

### JURISDICTION

1.      This paragraph contains a jurisdictional allegation to which no response is required.

### PARTIES

2.      Admits that Plaintiff joined the Foreign Service in 1985 and was tenured in 1988, but deny the remainder of the allegations in the first sentence.   Admits the allegations in the second sentence.  With respect to the third sentence, defendant denies that Plaintiff was assigned to Cape Verde or Haiti, but admits the remaining allegations of fact.  With respect to the fourth sentence, defendant admits that Plaintiff studied at the U.S. Army Command and General Staff College, but lacks sufficient information to form a belief regarding whether he was the first Foreign Service Officer to do so.

3.      Defendant admits that Plaintiff has received several awards from the Department of State, and avers that Plaintiff's records are the best evidence of their contents.

4.      Admits that Plaintiff has a record of some level of proficiency in each of the languages listed.

5.      Denies.

6.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 6, but admits that Plaintiff previously reported to the Department of State that he graduated from Columbia University in 1982, received a Masters of Arts degree from Georgetown University in 1992, and a Master of Military Arts and Sciences from the U.S. Army Command and General Staff College in 2002.

7.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegation in paragraph 7, but admits that Plaintiff has previously asserted that he is homosexual.

8.      Admits.

## PLAINTIFF'S CLAIMS

9.      Admits that Plaintiff arrived in Rio de Janeiro in 1993 and that one of the U.S. consulates is located in Rio de Janeiro, and denies that there are currently four U.S. consulates in Brazil.

10.     Admits.

11.     With no citation to the record, Defendant lacks sufficient information and knowledge to confirm or deny this paragraph, and so denies.

12.     With no citation to the record and without any parameters on Plaintiff's vague use of the term "developing world," Defendant lacks sufficient

information and knowledge to confirm or deny this paragraph, and so denies.

13.     Paragraph 13 contains Plaintiff's characterization to which no response is required.  To the extent paragraph 13 contains any allegations of fact, denies.

14.     Paragraph 14 contains Plaintiff's characterization to which no response is required.  To the extent paragraph 14 contains any allegations of fact, denies.

15.     Paragraph 15 contains Plaintiff's characterization to which no response is required.  To the extent paragraph 15 contains any allegations of fact, denies.

16.     Paragraph 16 contains Plaintiff's characterization to which no response is required.  To the extent paragraph 16 contains any allegations of fact, denies.

17.     Denies.

18.     With no citation to the record, Defendant lacks sufficient information and knowledge to confirm or deny this paragraph, and so denies.

19.     With no citation to the record, Defendant lacks sufficient information and knowledge to confirm or deny this paragraph, and so denies.

20.     With no citation to the record, Defendant lacks sufficient information and knowledge to confirm or deny this paragraph, and so denies.

21.     Denies.

22.     Admits

23.     Admits.

24.     With no citation to the record, Defendant lacks sufficient information
        to confirm or deny this paragraph, and so denies.

25.     Denies.

26.     With no citation to the record, Defendant lacks sufficient information
        to confirm or deny this paragraph, and so denies.

27.     Denies.

28.     Admits.

29.     With no citation to the record, Defendant lacks sufficient information
        to confirm or deny this paragraph, and so denies.

30.     With no citation to the record, Defendant lacks sufficient information
        to confirm or deny this paragraph, and so denies.

31.     Denies.

32.     Admits.

33.     Paragraph 33 contains Plaintiff's characterization to which no response
        is required.  To the extent paragraph 33 contains allegations of fact,
        denies.

34.     Paragraph 34 contains Plaintiff's characterization to which no response
        is required.  To the extent paragraph 34 contains allegations of fact,
        denies.

35.     Denies.

36.     Paragraph 36 contains Plaintiff's characterization to which no response
        is required.  To the extent paragraph 36 contains allegations of fact,

denies except to admit that there was some negative press coverage concerning a change in the reciprocity policy .

37.     Admits.

38.     Admits.

39.     Denies.

40.     Denies.

41.     Denies the allegations in the first and third sentences, and admits the allegations in the second sentence to the extent supported by the administrative record.

42.     Paragraph 42 contains Plaintiff's characterization of a statement similar to one in the administrative record which is the best evidence of its contents and to which no response is required.  To the extent paragraph 42 contains allegations of fact, denies.

43.     Paragraph 43 contains Plaintiff's characterization of a statement similar to one in the administrative record which is the best evidence of its contents and to which no response is required.  To the extent paragraph 43 contains allegations of fact, denies.

44.     Admits that a cable was sent on August 3, 1994, but denies that the cable was sent by Mr. Zweifel, the Consulate General in Rio; further denies that the cable was connected in any way with the office party alleged, and avers that the cable is the best evidence of its contents.

45.     Denies.

46.     Admits, and avers that the cable is the best evidence of its contents.

47.     Denies.

48.     Admits the allegation in the first sentence.  With respect to the second

        sentence, defendant lacks sufficient knowledge and information to form

        a belief as to the allegation to which Plaintiff refers, and so denies.

49.     Paragraph 49 contains Plaintiff's characterizations and conclusions to

        which no response is required.  To the extent paragraph 49 contains any

        allegations of fact, denies.

50.     Admits that 7 FAM 011(a) contains the phrase quoted in this

        paragraph, with the exception of typographical errors, and avers that

        the FAM is the best evidence of its contents; however, Plaintiff's

        characterization of 7 FAM 011(a)'s sweep states a legal conclusion to

        which no response is required.  To the extent paragraph 50 contains any

        other allegations of fact, denies.

51.     Denies.

52.     Admits that the American Services Officer reported that a VARIG pilot

        refused to allow an American passenger to board and that the pilot

        indicated that the American Services Officer might have to leave the

        aircraft, denies that the VARIG pilot "made a scene using many AIDS-

        phobic and homophobic remarks," and avers that any information in

        the record is the best evidence of its contents

53.     Admits that Mr. Zweifel received a complaint from the VARIG

        President, but avers that no such complaint is contained in the

administrative record, and lacks sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 53.

54.   Denies.

55.   Admits that Mr. Zweifel sent a letter to the FOM, avers that the letter is the best evidence of its contents, and denies Plaintiff's characterizations of the letter.

56.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and so denies.

57.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and so denies.

58.   Defendant admits that Mr. Beffel's written statements in the administrative record do not directly address "the issue of the three-dollar bill," and avers that the statements are the best evidence of their contents.

59.   Denies

60.   Admits that the administrative record contains a statement from one male Consular Officer containing the substance of the factual allegations in paragraph 60, but denies that the Department treats employees disparately based on their sexual orientation.

61.   Denies.

62.     Paragraph 62 contains Plaintiff's characterizations and conclusions to which no response is required.  To the extent paragraph 62 contains any allegations of fact, denies.

63.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and so denies.

64.     Denies.

65.     Denies.

66.     Defendant is unable to respond to the allegations in paragraph 66 without revealing information protected by the Privacy Act, 5 U.S.C. § 552a, and avers that Mr. Beffel's privacy interests in the subject of the allegations in paragraph 66 are substantial.

67.     Paragraph 67 contains Plaintiff's characterizations and conclusions to which no response is required.  To the extent paragraph 67 contains any allegations of fact, denies.

68.     Denies.

69.     Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations of statement by an unidentified person.  To the extent a statement to which Plaintiff refers in paragraph 69 is contained in the administrative record, it is the best evidence of its contents.  To the extent paragraph 69 contains any other allegations of fact, denies.

70.     Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations of statement by an unidentified person.  To the

extent a statement to which Plaintiff refers in paragraph 70 is contained in the administrative record, it is the best evidence of its contents. To the extent paragraph 70 contains any other allegations of fact, denies.

71.     Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations of statement by an unidentified person. To the extent a statement to which Plaintiff refers in paragraph 71 is contained in the administrative record, it is the best evidence of its contents. To the extent paragraph 71 contains any other allegations of fact, denies.

72.     Denies.

73.     Denies as stated, but admits that two statements in the administrative record refer to a reorganization of visa processing procedures in March 1995.

74.     Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations of statement by an unidentified person. To the extent a statement to which Plaintiff refers in paragraph 74 is contained in the administrative record, it is the best evidence of its contents. To the extent paragraph 74 contains any other allegations of fact, denies.

75.     Paragraph 75 contains Plaintiff's characterizations and conclusions to which no response is required. To the extent paragraph 75 contains any allegations of fact, denies.

76.     Paragraph 76 contains Plaintiff's conclusion of law to which no response is required. To the extent paragraph 76 contains any allegations of fact, denies.

77.     Deny.

78.     Defendant lacks knowledge or information sufficient to respond to

Plaintiff's allegations of statement by an unidentified person.  To the

extent a statement to which Plaintiff refers in paragraph 78 is contained

in the administrative record, it is the best evidence of its contents.  To

the extent paragraph 78 contains any other allegations of fact, denies.

79.     Denies.

80.     Admit that one consular officer noted that Mr. Olson tried to keep his

differences with Mr. Beffel from interfering in the operations of the

NIV section and that Mr. Olson consistently spoke respectfully of Mr.

Beffel, but deny that the consular officer asserted that this behavior on

Mr. Olson's part was "despite Mr. Beffel's unprofessional conduct,"

and aver that the statement is the best evidence of its contents.

81.     Paragraph 81 contains Plaintiff's characterization of the record to

which no response is required.  To the extent paragraph 81 contains any

allegations of fact, denies.

82.     Denies.

83.     Admits.

84.     With no citation to the record, Defendant lacks sufficient information

or knowledge to confirm or deny this paragraph, and so denies.

85.     Defendant lacks sufficient knowledge or information to confirm or

deny this paragraph, and so denies

86.     Denies, and avers that Plaintiff has been receiving treatment provided by the State Department.

87.     Admit that Plaintiff filed a grievance with the State Department on May 22, 1998 which is the best evidence of its contents, but denies that the two referenced EERs were prejudicial and inaccurate and omitted significant information.

88.     Admits that Plaintiff asked the Department to locate a cable sent from Rio in early August 1994 that noted his homosexual preferences, but denies the implication that the purpose of the cable was to "report" Plaintiff's orientation. Admits the allegations contained in the second sentence.

89.     Admits that the Department denied Plaintiff's grievance on September 30, 1998 and aver that the decision is the best evidence of its contents; denies the implication that the Department's decision necessarily followed or resulted from the failure to locate the cable.

90.     Admits.

91.     Admits that the Department released a copy of cable 1994 Rio de Janeiro 2982 to Plaintiff on December 3, 1998 in response to his request under the Freedom of Information Act, 5 U.S.C. § 552, avers that the cable is the best evidence of its contents, and denies that the purpose of the cable was to "report" Plaintiff for "clearly exhibit[ing] homosexual preferences."

92.     With no citation to the record, Defendant lacks sufficient information or knowledge to confirm or deny this paragraph, and so denies.

93.     Admits.

94.     Paragraph 94 contains Plaintiff's characterization of a decision by the FSGB which is the best evidence of its contents. To the extent paragraph 94 contains any allegations of fact, denies.

95.     Admits the allegations in the first sentence, and denies the allegations in the second sentence.

96.     The first sentence of paragraph 96 contains Plaintiff's characterization of an order issued by the FSGB which is the best evidence of its contents and to which no response is required. To the extent the first sentence contains any allegations of fact, denies. Admits the allegations in the second sentence.

97.     Paragraph 97 contains Plaintiff's characterization of an order issued by the FSGB which is the best evidence of its contents and to which no response is required. To the extent paragraph 97 contains any allegations of fact, defendant admits that the FSGB rejected Plaintiff's request for interrogatories for Mary Jo Swinimer, but denies that the sole reason was that it "had already instructed the DOS to provide a copy of the cable responding to 1994 Rio de Janeiro 2982 and any guidance or written instructions."

98.     Paragraph 98 contains Plaintiff's characterization of the proceedings below to which no response is required.  To the extent paragraph 98 contains any allegations of fact, denies.

99.     Paragraph 99 contains a hypothetical and conclusions of law to which no response is required.  To the extent paragraph 99 contains any allegations of fact, denies.

100.    Paragraph 100 contains Plaintiff's characterization of the proceedings below to which no response is required.  To the extent paragraph 100 contains any allegations of fact, denies.

101.    Paragraph 101 contains Plaintiff's characterization of legal error by the FSGB to which no response is required.  To the extent paragraph 101 contains any allegations of fact relating to defendant, denies.

102.    Admits.

103.    Admits.

104.    Paragraph 104 contains Plaintiff's characterization of the FSGB's opinion and decision, which is the best evidence of its contents, and to which no response is required.  To the extent paragraph 104 contains any allegations of fact relating to defendant, denies.

105.    Admits.

106.    Paragraph 106 contains Plaintiff's characterization and description of the Court's Memorandum Opinion, which is the best evidence of its contents, and to which no response is required.

107.    Paragraph 107 contains Plaintiff's characterization and description of the Court's Order, which is the best evidence of its contents, and to which no response is required.

108.    Paragraph 108 contains Plaintiff's legal conclusions and argument relating to the FSGB's decision on remand to which no response is required. To the extent paragraph 108 contains any allegation of fact relating to defendant, denies.

109.    Admits that Plaintiff personally reviewed the FSGB Record of Proceedings, but Defendant lacks sufficient knowledge and information concerning when Plaintiff reviewed the FSGB Record.

110.    Admits that some pages were accidentally or inadvertently omitted from the Administrative Record prepared by the FSGB, but denies that Defendant "withheld" those pages. Defendant lacks sufficient knowledge and information to form a belief as to what Plaintiff discovered.

111.    Admits that the FSGB accidentally or inadvertently omitted material from the Administrative Record as initially filed on August 27, 2003, and avers that defendant took reasonable steps to complete the record promptly upon becoming aware of the omission.

112.    Defendant lacks sufficient knowledge or information concerning Plaintiff's realization, and admits that Plaintiff filed a motion on September 15, 2003 which is the best evidence of its contents.

113.    Admits that defendant made an Errata Notice of Filing of Amendment
        to AR, Part A, which included pages numbered 78A-78NN; admits that
        Mr. Olson withdrew his motion; Defendant lacks sufficient knowledge
        or information to form a belief concerning Plaintiff's beliefs.

114.    Defendant lacks sufficient knowledge or information to form a belief as
        to whether pages 78A-78NN were "part of" a larger, 320 page
        document or file, and admits that additional documents (now labeled
        "Part C" in the FSGB's record on remand) were part of the record
        before the FSGB.

115.    Denies.

116.    Paragraph 116 contains Plaintiff's characterization of the
        Administrative Record to which no response is required.  To the extent
        paragraph 116 contains any allegations of fact relating to defendant,
        denies.

117.    Denies.

118.    Admits that the e-mail was sent on September 7, 2005 from Mr.
        Noonan to Mr. Pastic and that plaintiff's counsel was not a recipient,
        avers that the e-mail is the best evidence of its contents, and denies that
        the subject matter rendered the e-mail an improper *ex parte*
        communication.

119.    Admits that on September 9, 2005 Mr. Pastic sent an e-mail to Mr.
        Noonan's home e-mail (as well as to Plaintiff's counsel), and aver that
        the e-mail is the best evidence of its contents, and denies that this e-

mail was a response just to an inquiry from Mr. Noonan or that Mr. Pastic (rather than the Board) made the decision to exclude Plaintiff's submission.

120.    Paragraph 120 contains Plaintiff's description and characterization of documents which are the best evidence of their contents. To the extent paragraph 120 contains any allegations of fact relating to defendant, denies.

121.    Admits that on June 15, 2005 and September 2, 2005 the Department sent e-mails to the FSGB concerning administrative aspects of Plaintiff's grievance, avers that those e-mails were included in the FSGB's record of proceedings, and denies that the communications were improper *ex parte* communications.

122.    Denies.

123.    Denies.

124.    Admits that Plaintiff's attorney sent a letter to FSGB chairman Edward J. Reidy on September 12, 2005 which is the best evidence of its contents. To the extent that paragraph 124 contains any allegations of fact concerning defendant, denies.

125.    Admits that Mr. Reidy sent a letter to the parties on September 26, 2005 which is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to what motivated Mr. Reidy to send the letter.

126.    Defendant lack knowledge or information sufficient to respond to the allegations in paragraph 126.

127.    Paragraph 127 contains Plaintiff's characterization of an FSGB Order entered on October 13, 2005 which is the best evidence of its contents. Defendant lacks sufficient knowledge or information concerning whether Mr. Reidy was responding as alleged.

128.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph.

129.    Admits that on September 26, the FSGB denied Plaintiff's request to include the September 9, 2005 e-mail in the record and stated, in part, "[t]here is no reason to include this in the record." Denies in all other respects.

130.    Admits that Plaintiff's attorney wrote to the FSGB again on October 10, 2005, and avers that the letter is the best evidence of its contents; Defendant is without sufficient knowledge to admit or deny Plaintiff's characterization of that letter.

131.    Admits that the FSGB issued an Order on October 13, 2005 which is the best evidence of its contents.

132.    Admits.

133.    Admits that the FSGB issued its final decision on remand on November 7, 2005 denying Plaintiff relief on the remaining unresolved issues in his grievance, and avers that the final decision is the best evidence of its contents.

134.    Paragraph 134 contains Plaintiff's characterizations and argument concerning the FSGB's decision to which no response is required. To the extent paragraph 134 contains any allegation of fact relating to defendant, denies.

135.    Paragraph 135 contains Plaintiff's characterization and interpretation of the FSGB's decision to which no response is required.

136.    Admits.

137.    Admits.

138.    Paragraph 138 contains Plaintiff's characterization of a document without reference to its inclusion in the Administrative Record. The document is the best evidence of its contents, and defendant avers that unless it was placed before the FSGB, its contents are irrelevant.

139.    Admits that 5 FAH-1 H-247.2 is dated July 12, 2004; denies Plaintiff's characterization of the 1994 cable from Rio de Janeiro.

140.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph.

141.    The first sentence of paragraph 141 contains Plaintiff's characterization of and argument concerning the FSGB's decision to which no response is required. Defendant denies the allegations in the second and third sentences.

142.    Denies.

143.    Admits that the Department received a communication from the local VARIG Flight Operations Manager, and that part of Mr. Zweifel

response was to send a letter to the local VARIG Flight Operations Manager; avers that the written communications are the best evidence of their contents; and denies in every other regard, including Plaintiff's characterizations.

144.    The FSGB decision is the best evidence of its contents; Defendant denies Plaintiff's characterization.

145.    Paragraph 145 contains Plaintiff's arguments about Mr. Beffel's statement to which no response is required.  Defendant denies the allegations of fact in paragraph 145.

146.    Paragraph 146 contains Plaintiff's characterization of and argument challenging the FSGB's decision which is the best evidence of its contents and which does not require a response.  To the extent paragraph 146 contains any allegations of fact, denies.

147.    Paragraph 147 contains Plaintiff's characterization of the evidence to which to response is required.  To the extent paragraph 147 contains any allegations of fact, denies.

148.    Paragraph 148 contains Plaintiff's characterization of and argument challenging the FSGB's decision which is the best evidence of its contents and which does not require a response.  To the extent paragraph 148 contains any allegations of fact, denies.

149.    Paragraph 149 contains Plaintiff's characterization of the probative value of evidence in the record and Plaintiff's conclusions and argument to which no response is required.  Defendant avers that all of

the evidence in the record should be examined. To the extent
paragraph 149 contains any allegations of fact, denies.

150.     Paragraph 150 contains Plaintiff's characterization of and argument
challenging the FSGB's decision which is the best evidence of its
contents and which does not require a response. To the extent
paragraph 150 contains any allegations of fact, denies.

151.     Paragraph 151 contains Plaintiff's characterization of and argument
challenging the FSGB's decision which is the best evidence of its
contents and which does not require a response. To the extent
paragraph 151 contains any allegations of fact, denies.

152.     Paragraph 152 contains Plaintiff's characterization of and argument
challenging the FSGB's credibility determinations, and the FSGB's
decision is the best evidence of its contents and does not require a
response. To the extent paragraph 152 contains any allegations of fact,
admits that Mr. Zweifel and Mr. Beffel are truthful and otherwise
denies.

153.     Paragraph 153 contains Plaintiff's characterization of and argument
challenging the FSGB's decision which is the best evidence of its
contents and which does not require a response. To the extent
paragraph 153 contains any allegations of fact, denies.

154.     Paragraph 154 contains an excerpt from the FSGB's decision which is
the best evidence of its contents.

155.    Paragraph 155 contains Plaintiff's argument to which no response is required.  To the extent paragraph 155 contains any allegations of fact, denies.

156.    Paragraph 156 contains Plaintiff's characterization of and argument challenging the FSGB's decision which is the best evidence of its contents and which does not require a response.  To the extent paragraph 156 contains any allegations of fact, denies.

157.    Admits that the statement quoted in isolation in this paragraph appears in the FSGB's decision, but the decision is the best evidence of its contents, and no response is required to Plaintiff's characterization of it.

158.    Denies.

159.    Admits that the statement quoted in isolation in this paragraph appears in the FSGB's decision, but the decision is the best evidence of its contents, and no response is required to Plaintiff's characterization of it as an admission.

160.    The first sentence of paragraph 160 contains Plaintiff's argument and legal conclusions to which no response is required.  To the extent the first sentence contains any allegations of fact, denies.  Denies the allegations in the second sentence.

161.    Admits that the statement quoted in isolation in this paragraph appears in the FSGB's decision, but the decision is the best evidence of its

contents, and no response is required to Plaintiff's characterization of it.

162.    Paragraph 162 contains a statement quoted from the FSGB's 2005 Annual Report which is the best evidence of its contents. To the extent a response is deemed required, defendant admits that the quoted material appears in the report.

163.    The first sentence of paragraph 163 contains Plaintiff's argument about the evidence to which no response is required. To the extent the first sentence contains any allegations of fact, denies. Defendant denies the allegations in the second sentence.

164.    Defendant lacks sufficient knowledge and information to admit or deny the allegation in the first sentence of paragraph 164, and so denies. Defendant avers that review in this case is limited to the administrative record. With respect to the second sentence, Plaintiff's employment records are the best evidence of their contents.

165.    Defendant lacks sufficient information to confirm or deny the allegations in paragraph 165.

166.    Paragraph 166 contains Plaintiff's characterization of and argument challenging the FSGB's decision which is the best evidence of its contents and which does not require a response. To the extent paragraph 166 contains any allegations of fact, denies.

167.    Admits the allegation in the first sentence that Plaintiff filed a motion to reopen his case in Civil Action 02-1371 (GK) on March 7, 2006, and

avers that the motion is the best evidence of its contents.  The second sentence consists exclusively of a citation to an exhibit to which no response is required.

168.    Paragraph 168 contains a legal conclusion to which no response is required.  To the extent paragraph 168 contains any allegations of fact, denies.

169.    Admits that Defendant's response to Plaintiff's Motion to Reopen was filed on May 22, 2006; deny that Defendant "delayed" until that time.

170.    The first sentence contains a hypothetical set of facts and a legal conclusion to which no response is required.  Defendant admits the allegations in the second sentence, and avers that the Court's records are the best evidence of their contents.

171.    This paragraph contains a hypothetical set of facts and a legal conclusion to which no response is required.  To the extent paragraph 171 contains any allegations of fact, denies.

172.    Admits that Defendant did not file a response to Plaintiff's motion to reopen case by April 21, 2006; avers that good cause existed for the extension of the deadline subsequently requested; and denies Plaintiff's characterization.

173.    Admits that on May 1, 2006, defendant's counsel submitted a motion requesting an extension of time for filing for additional time to file the response to Plaintiff's motion to reopen, avers that the motion is the best evidence of its contents, and denies Plaintiff's characterizations.

174.    Paragraph 174 contains Plaintiff's characterization of Defendant's motion for extension of time which is the best evidence of its contents and to which no response is required.  To the extent paragraph 174 contains any allegations of fact, denied.

175.    Denies that Defendant "delay[ed]" its response to Plaintiff's motion, and avers that the Court's docket in Civil Action No. 02-1371 (GK) is the best evidence of its contents.

176.    Denies the allegations in the first sentence, except to admit that defendant filed a response to Plaintiff's motion to reopen his case which is the best evidence of its contents.  The second sentence contains Plaintiff's characterization of defendant's argument to which no response is required.  To the extent the second sentence contains any allegation of fact, denied.

177.    Admits, and avers that the Court's decision is the best evidence of its contents.

178.    Denies.

179.    Paragraph 179 contains Plaintiff's characterization of the FSGB's decision and the EERs to which no response is required.  To the extent paragraph 179 contains allegations of fact, including that Plaintiff suffered any harm, denies.

180.    Denies.

181.    Denies.

182.     Without citation to the administrative record, Defendant lacks
         sufficient information to confirm or deny the allegations in the first
         sentence, and so denies.  Defendant denies the allegations in the second
         sentence.

183.     Without citation to the administrative record, Defendant lacks
         sufficient information to confirm or deny this paragraph, and so denies.

184.     Denies.

185.     Defendant lacks sufficient knowledge and information to form a belief
         as to whether Plaintiff was suffering from stress from any source, and
         so denies.  Defendant denies that Plaintiff has been separated from the
         Foreign Service.

186.     Paragraph 186 contains Plaintiff's speculation and characterization of
         the significance, if any, of certain things to which no response is
         required.  To the extent paragraph 186 contains any allegations of fact,
         denies.

187.     Paragraph 187 contains Plaintiff's speculation and characterization of
         the significance, if any, of certain things to which no response is
         required.  To the extent paragraph 187 contains any allegations of fact,
         denies.

188.     Defendant admits that Plaintiff served TDYs in Cape Verde and Haiti;
         without citation to the administrative record, Defendant lacks sufficient
         knowledge and information to admit or deny the other assertions in this
         paragraph, and so denies.

189.     Defendant admits that Plaintiff completed consular TDYs in Cape
         Verde and Haiti.

190.     Defendant lacks knowledge or information sufficient to respond to
         Plaintiff's allegations of statement by an unidentified person.  To the
         extent a statement to which Plaintiff refers in paragraph 190 is
         contained in the administrative record, it is the best evidence of its
         contents.  To the extent paragraph 190 contains any other allegations of
         fact, denies.

191.     Denies.

192.     Denies.

193.     Without citation to the administrative record, defendant lacks sufficient
         knowledge and information to admit or deny the allegations in
         paragraph 193, and so denies other than to admit that Plaintiff was not
         assigned to Zagreb.

194.     Defendant lacks sufficient knowledge and information to admit or deny
         the allegations in paragraph 194.

195.     Defendant lacks sufficient knowledge and information to admit or deny
         the allegations in paragraph 195.

196.     Denies.

197.     Defendant lacks sufficient knowledge and information to admit or deny
         the allegations in paragraph 197.

198.     Defendant lacks sufficient knowledge and information to admit or deny
         the allegations in paragraph 198.

199.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 199.

200.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 200.

201.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 201.

202.    Admits the allegations in the first sentence that Defendant has asked all FSOs to consider serving in Iraq and has sought volunteers to serve on Provincial Reconstruction teams.  With respect to the second sentence, Defendant lacks sufficient knowledge and information to admit or deny the allegations.

203.    Deny.

204.    Defendant lacks sufficient knowledge and information to admit or deny the allegations concerning Plaintiff's interests, and denies the remainder of the allegations in paragraph 204.

205.    Paragraph 205 contains Plaintiff's characterization or opinion to which no response is required.  To the extent paragraph 205 contains any allegation of fact, denies.

206.    Paragraph 206 contains Plaintiff's characterization or opinion to which no response is required.  To the extent paragraph 206 contains any allegation of fact, denies.

207.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 207.

208.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 208.

209.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 209.

210.    Defendant lacks sufficient knowledge and information to admit or deny the allegations in paragraph 210.

211.    With respect to the first sentence, defendant denies as stated, and avers that the Department does not assign any foreign service officer to serve at a post for which his or her medical condition is inappropriate.  With respect to the second sentence, defendant denies.  With respect to the third sentence, defendant lacks sufficient knowledge and information to admit or deny the allegations.

212.    Denies.

**COUNT I**
**ADMINISTRATIVE PROCEDURE ACT**
**(5 U.S.C. § 701 *et seq.*)**

213.    Defendant repeats and re-alleges her responses to numbered paragraphs 1-212, herein and incorporates them here by reference.

214.    Paragraph 214 contains Plaintiff's conclusions and assertions of law to which no response is required.  To the extent paragraph 214 contains any allegations of fact, denies.

215.    Paragraph 215 contains Plaintiff's characterizations of evidence and conclusions and assertions of law to which no response is required.  To the extent paragraph 215 contains any allegations of fact, denies.

216.    The first four sentences of this paragraph contain Plaintiff's assertions of law to which no response is required.  Defendant denies the allegations of fact in the remainder of the paragraph, as well as any allegations of fact in the first four sentences.

217.    The first two sentences of this paragraph contain Plaintiff's assertions of law to which no response is required.  Defendant denies the allegations of fact in the remainder of the paragraph, as well as any allegations of fact in the first two sentences.

218.    Denies.

219.    Paragraph 219 contains Plaintiff's conclusions and assertions of law to which no response is required.  To the extent paragraph 219 contains any allegations of fact, denies..

## PRAYER FOR RELIEF

The remainder of the Complaint, including paragraphs numbered 1-14, consists of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

Dated:  September 19, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, DC Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. – Room E4822
Washington, D.C.  20530
(202) 514-7161