UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL OLSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONDOLEEZZA RICE, )<br>in her capacity as )<br>SECRETARY OF STATE )<br>)<br>Defendant. )<br> ) | Civil Action No. 06-1205 (GK) |

**PLAINTIFF'S MOTION REQUESTING COURT ORDER REQUIRING
DEFENDANT TO SUBMIT COMPLETE ADMINISTRATIVE RECORD**

Plaintiff Karl Olson, by and through undersigned counsel, requests an Order from the Court requiring defendant to submit as part of the Administrative Record ("AR"): all *ex parte* communications, not yet provided, between the Foreign Service Grievance Board ("FSGB") and the Department of State ("DOS") regarding or referring to plaintiff; the documents listed below which should have been, but were not, included in the AR; and the pages listed below which were missing from the AR. Plaintiff also requests that the new material, dated September 19, 2006, be labeled AR Part C. Plaintiff submits the following in support of this motion:

The newly submitted, September 19, 2006, part of the AR contains three *ex parte* communications between the FSGB and the DOS concerning Mr. Olson. They are: (1) at page 429 (a June 15, 2005 e-mail from DOS officer Henry Noonan to FGSB officer Kay Anske stating that the Department [of State] agrees with the issue as framed in a FSGB

June 8, 2005 Memorandum); (2) at page 802 (a September 2, 2005 e-mail to FSGB officer Janet McGee again from Mr. Noonan asking that the Record of Proceedings ("RoP") be changed to reflect the June 15, 2005 [*ex parte*] e-mail rather than the [untimely] June 22, 2005; see also September 19, 2006 AR at pages 428 and 436); and (3) at page 801 (a September 7, 2005 e-mail to FSGB officer Joseph Pastic again from Mr. Noonan telling Mr. Pastic that the Department [of State] has not yet received a ruling on its second and third Motions to Exclude Mr. Olson's July 26, 2005 Motion and Memorandum in support of his motion requesting a finding in his favor).

Mr. Olson did not learn that there were any *ex parte* communications until on or about September 12, 2005. On September 12, 2005, September 23, 2005, October 10, 2005 and October 12, 2005, Mr. Olson, through counsel, requested a complete and accurate RoP with copies of all correspondence referring to Mr. Olson between the FSGB and the DOS, not listed in the RoP, including *ex parte* communications not only on FSGB and DOS computers, but also on private e-mail accounts since FSGB officer Pastic and DOS officer Noonan communicated with each other on the Olson case from their home computers or private e-mail accounts.[1] See Attachment B and the September 19, 2006 part of the AR at page 794, notes 5 and 6.

The FSGB did not provide the requested correspondence or confirm that no other *ex parte* communications regarding Mr. Olson existed. It chose, instead, to give only vague assurances that they were "not aware of any documents not yet provided" and that "[t]here have been no *ex parte* communications of the nature that must be placed in the record (emphasis added)." See the September 19, 2006 part of the AR at pages 810, 814,

---

[1] Mr. Pastic used the private e-mail account, jpastic@cox.net, to communicate with Mr. Noonan who used the private e-mail account, founding30@msn.com.

2

respectively. Mr. Olson requests that the Court Order defendant to submit in the AR <u>all</u> communications, not only documents, between the FSGB and the DOS, including private e-mail correspondence on Mr. Olson's case or regarding or referring to Mr. Olson.

Missing from the AR is also the following material:

a) a September 6, 2005 letter from plaintiff's counsel to the FSGB containing comments on the FSGB's Inventory of Documents, <u>see</u> Attachment A;

b) a September 9, 2005 e-mail from FSGB officer Pastic's private home computer excluding Mr. Olson's "entire submittal ["entire submittal" refers to Mr. Olson's July 26, 2005 Motion and Memorandum in support of his motion requesting a finding in his favor], <u>see</u> Attachment B;

c) an October 10, 2005 letter from plaintiff's counsel requesting a complete and accurate RoP, including FSGB officer Pastic's September 9, 2005 e-mail excluding Mr. Olson's entire submittal, <u>see</u> Attachment C; and

d) an October 12, 2005 letter from plaintiff's counsel providing a response to the DOS' Motion to Exclude and again explaining the need for a complete and accurate RoP, <u>see</u> Attachment D.

Mr. Olson requests that the Court Order defendant to include the four above-listed communications in the AR.

3

Mr. Olson also notes that the following pages were omitted from the September 19, 2006 part of the AR:

    a) pages 033-036;

    b) pages 078-081;

    c) pages 094 and 095, and

    d) pages 716-719.

Mr. Olson requests that the Court Order defendant to submit the above-listed missing pages.

What the government submitted on September 19, 2006 clearly does not constitute the whole AR compiled by defendant, as required by the Administrative Procedure Act, 5 U.S.C. § 706. Since this review is to be based on the full AR that was before the FSGB when it made its decision, it is necessary to have the complete record. See Citizens to Preserve Overton Park, Inc., et. al v. Volpe, 4001 U.S. 402, 420 (1971). For the Court to make the necessary critical evaluation to determine whether the FSGB acted perfunctorily, arbitrarily or reasonably, whether the decision was based on consideration of all relevant factors and whether there has been a clear error in judgment, it needs the full AR that was before the FSGB at the time it made its decision. See Appalachian Power Co. v. Environmental Protection Agency, 477 F.2d 495, 507 (4th Cir. 1972). Without that record, the Court cannot in a fully informed manner pass on the Motions for Summary Judgment that will be before it. Id.; see also Higgins v. Kelly, 574 F.2d 789, 793 (3d Cir. 1978) (citing its holding in Twiggs v. United States Small Business Administration, 541 F.2d 150 (3d Cir. 1976) that the district court "review of an

4

incomplete record did not satisfy the procedural requirements of the Administrative Procedure Act").

Defendant included in the September 19, 2006 part of the AR only the material since the Court's remand, stating that this submission supplements the AR previously filed in the earlier action Civil Action No. 02-1371 (GK) and offering to provide another copy of the AR if the Court is unable to locate the AR in Civil Action No. 02-1371 (GK). The new September 19, 2006 part of the AR should be labeled AR Part C so as not to confuse it with the earlier AR Parts A and B, filed with the Court on August 27, 2003, all of which are pertinent to the processing of this case.[2]  Mr. Olson requests that the Court Order the newly submitted part of the AR, dated September 19, 2006, be named Part C.

Mr. Olson also notes that the September 19, 2006 part of the AR at page 780 has a copy of an envelope with a postmark that is difficult, if not impossible, to read.  The envelope contained the DOS' Motion to Exclude submitted to the FSGB on August 12, 2005, but not mailed to plaintiff's counsel until August 23, 2005 (see September 19, 2006 part of the AR at pages 770 and 780).  Plaintiff's counsel retains a very clear copy of that envelope bearing the August 23, 2005 postmark, if the Court needs a better copy.

Plaintiff Olson requests an Order from the Court requiring defendant to complete and submit the whole AR, including copies of all *ex parte* communications referring to his case, missing documents and missing pages and to label the September 19, 2006 part of the AR as AR Part C.

---

[2] We note that the September 19, 2006 part of the AR includes, from pages 097 through pages 420, 320 plus pages of documents which were withheld from AR Parts A and B, provided to the Court and plaintiff in the earlier action, Civil Action No. 02-1371 (GK).  Mr. Olson only discovered these documents on April 6, 2005 when he personally reviewed the FSGB RoP for his case (see September 19, 2006 part of the AR at pages, 082, 085, 096).  Mr. Olson filed a Motion with the FSGB to supplement the record and as a result the FSGB agreed to supplement the record with the missing documents, which at that time were labeled Part C, pages 1-320 (see September 19, 2006 part of the AR at pages, 082, 085, 096).

The Court is respectfully referred to the accompanying proposed Order.

Respectfully submitted,

/s/_____
Janine M. Brookner, DC Bar #467360
3645 St. Mary's Place, NW
Washington, DC 20007
Tel.  202/338-5743
Fax. 202/338-6629