**Attachment C**
JANINE M. BROOKNER
Attorney at Law

3645 St. Mary's Place, N.W.
Washington, D.C.  20007
Telephone:  (202) 338-5743
Facsimile:   (202) 338-6629

5 Tudor City Place   Suite 1625
New York, New York 10017
Telephone:  (212) 599-7717
Email: jmbrookner@worldnet.att.net

_____

October 10, 2005

Executive Secretary Kay Anske
Foreign Service Grievance Board
Suite 3100, SA-15
Washington, D.C.  20522-1531

Subject:   Karl Olson
           FSGB 98-087 Remand

Dear Ms. Ankse:

    We have received Chairman Edward J. Reidy's letter, dated September 26, 2005 and postmarked September 30, 2005, and we agree that Board can make a prompt, just and fair decision on the Record of Proceeding ("RoP') as it now stands.

    Our concern, however, is that, should the case end up back in the District Court, the Court must have a complete and accurate record of what has transpired.[1]  Given this possibility, Mr. Pastic's September 9, 2005 e-mail should be included in the RoP in its entirely, as should all communications, to and/or from the Department and the Board on Mr. Olson, including, but not limited to, any personal or non-official emails to or from Mr. Pastic and Mr. Noonan.

    In view of the above, we request the following:
                              **Attachment C**

_____

[1] When Mr. Olson's case was before the District Court, RoP Part C was never filed as part of the Administrative Record with the Court and, therefore, the Court lacked a complete and accurate Administrative Record.

a. Although Mr. Reidy said in his September 26, 2005 letter that he was not aware of any "documents" not yet provided, please confirm that the Board has looked for all communications, not only documents, between the Department and the FSGB. Please also advise whether Mr. Pastic and Mr. Noonan have been asked and have confirmed, in writing, whether there are any communications they have not yet provided.

b. Please include in the RoP Mr. Pastic's September 9, 2005 e-mail. The Board in its September 19, 2005 Order said that Mr. Pastic "opined on the status of the grievant's 'recent submission,' that 'the entire submittal will be excluded.' . . . and, with hindsight, should have included a caveat that any party unclear as to the meaning of official Board correspondence should file a motion for clarification." We note, however, that Mr. Pastic's September 9, 2005 e-mail purported to be the clarification as to what the Board had excluded from Mr. Olson's argument. Specifically, Mr. Pastic wrote, " [B]oth of you have asked for clarification as to what the Board has excluded from the grievant's recent submission. The Board's reply memo refers to an earlier memo that states that the Board has what it needs to make a decision. That means that the entire submittal will be excluded."[2]

c. Please include in the RoP my letter of September 23, 2005 and this letter, dated October 10, 2005, as well as your memorandum of September 22, 2005 with its attachments and Mr. Reidy's letter of September 26, 2005.[3]

d. Please forward to undersigned a revised RoP Inventory of Documents for our review.

Thank you for your assistance.

Sincerely,

_____

Janine M. Brookner
Attorney for Mr. Karl Olson

---

[2] We also note that the Department's September 7, 2005 request for clarification was made to Mr. Pastic ex parte and not provided to Mr. Olson by HR/G. This e-mail said, "Good Morning Joe, In the Department's August 12, 2005 submission, the Department raised three Motions to Exclude in the second, third and fourth paragraphs of that submission. The Department has not received a ruling on the second and third Motions to Exclude contained in the third and fourth paragraphs. For ease of reference, I have attached our August 12, 2005 submission. Please, advise. Best Regards, Henry."

[3] Mr. Riedy's letter of September 26, 2005 under Item 1) referred to "our Order of September 22, 2005." Please confirm that he was referring to Executive Secretary Kay Anske's memorandum, dated September 22, 2005, attaching two e-mails, rather than an Order.

Cc:    Lishman, HR/G
        Sharon Papp/AFSA
        Panel:  Reidy, Dragon, Schulz