UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL OLSON,  Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. 06-1205 (GK) |
| CONDOLEEZZA RICE,<br>in her capacity as<br>SECRETARY OF STATE<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION REQUESTING COURT ORDER REQUIRING**
**DEFENDANT TO SUBMIT COMPLETE ADMINISTRATIVE RECORD**
**INCLUDING EX PARTE COMMUNICATIONS**

Plaintiff Karl Olson, by and through undersigned counsel, requests an Order from the Court requiring defendant to submit as part of the Administrative Record ("AR"): all *ex parte* communications, not yet provided, between the Foreign Service Grievance Board ("FSGB") and the Department of State ("DOS") regarding or referring to plaintiff and the documents listed below which were not included in the AR filed on September 19, 2006, hereinafter referred to as "C."[1] Plaintiff submits the following in support of this motion:

Missing from "C" is the following material:

---

[1] Plaintiff will submit a consent motion asking the Court to label the section of the AR submitted September 19, 2006 as Part C, so as not to confuse it with AR Parts A and B, filed with the Court on August 27, 2003, all of which are pertinent to the processing of this case. Defendant, in submitting this section of the AR, acknowledged that it contains only the material since the Court's remand, supplementing the AR previously filed in the earlier action Civil Action No. 02-1371 (GK).

    a) a September 6, 2005 letter from plaintiff's counsel to the FSGB containing comments on the FSGB's Inventory of Documents, see Attachment A;

    b) a September 9, 2005 e-mail from FSGB officer Joseph Pastic's private home computer excluding Mr. Olson's "entire submittal ["entire submittal" refers to Mr. Olson's July 26, 2005 Motion and Memorandum requesting the FSGB to find in his favor]. The subject line of Mr. Pastic's e-mail reads, "admin matters on Olson remand 98-087." Mr. Pastic, however, did not confine himself to admin matters, but decided that Mr. Olson's entire submittal would be excluded, see Attachment B.

    c) an October 10, 2005 letter from plaintiff's counsel requesting a complete and accurate Record of Proceedings ("RoP), including FSGB officer Pastic's September 9, 2005 e-mail excluding Mr. Olson's entire submittal, see Attachment C; and

    d) an October 12, 2005 letter from plaintiff's counsel providing a response to the DOS' Motion to Exclude and again explaining the need for a complete and accurate RoP, see Attachment D.

    The FSGB apparently claims that it closed the RoP on September 19, 2005, using this supposed closure date as the pretext for not including two of the above-listed documents. The FSGB manipulated the date for closing the RoP in an effort to exclude these documents. In actuality, the RoP was closed on October 13, 2005, when the FSGB

ordered that no additional material would be included into the record beyond that already accepted. C at 814.

Although the FSGB claims to have closed the record on September 19, 2005, it included in the RoP documents dated September 20th, September 22nd, September 23rd, September 26th, October 6th, and October 13, 2005. AR at 790-815. Its September 19th Order attached the RoP inventory and asked the parties to advise the Board not later than October 3, 2005 of errors or omission. C at 790-799. Barring receipt of any necessary corrections, the FSGB said it would consider the record closed on September 19th. C at 796. Mr. Olson's counsel timely responded on September 23rd (C at 806), and then again October 10th (Attachment C) and October 12th (Attachment D), asking the FSGB to complete the RoP and include specific material pertinent to the processing of Mr. Olson's case. The FSGB paid no heed to these necessary corrections, but issued an Order on October 13, 2005, closing the record and refusing to include Attachments A-D or to forthrightly respond to questions concerning *ex parte* communications (discussed below).

"C" contains three *ex parte* communications between the FSGB and the DOS concerning Mr. Olson. They are: (1) C at 429 (a June 15, 2005 e-mail from DOS officer Henry Noonan to FGSB officer Kay Anske stating that the Department of State agrees with the issue as framed in a FSGB June 8, 2005 Memorandum); (2) C at 802 (a September 2, 2005 e-mail to FSGB officer Janet McGee again from Mr. Noonan asking that the RoP be changed to reflect the June 15, 2005 {*ex parte*} e-mail rather than the {untimely} June 22, 2005), see also C at 428 and 436; and (3) C at 801 (a September 7, 2005 e-mail to FSGB officer Pastic again from Mr. Noonan telling Mr. Pastic that the Department of State has not yet received a ruling on its second and third Motions to

3

Exclude Mr. Olson's July 26, 2005 Motion and Memorandum requesting a finding in his favor).[2]

Mr. Olson did not learn that there were any *ex parte* communications until on or about September 12, 2005. On September 12, 2005, September 23, 2005, October 10, 2005 and October 12, 2005, Mr. Olson, through counsel, requested a complete and accurate RoP with copies of all correspondence referring to Mr. Olson between the FSGB and the DOS, not listed in the RoP, including *ex parte* communications not only on FSGB and DOS computers, but also on private e-mail accounts since FSGB officer Pastic and DOS officer Noonan communicated with each other on the Olson case from their home computers or private e-mail accounts.[3] See Attachment B and C; see also C at 794, notes 5 and 6.

The FSGB did not provide the requested correspondence or confirm that no other *ex parte* communications regarding Mr. Olson existed. It chose, instead, to give only vague assurances that they were "not aware of any documents not yet provided" and that "[t]here have been no *ex parte* communications of the nature that must be placed in the record (emphasis added)." See C at 810, 814.

The AR that defendant submitted clearly does not constitute the whole record compiled by defendant, as required by the Administrative Procedure Act, 5 U.S.C. § 706. Since this review is to be based on the full AR that was before the FSGB when it made its decision, it is necessary to have the complete record. See Citizens to Preserve Overton

---

[2] C at 780 is a copy of an envelope with a postmark that is difficult, if not impossible, to read. The envelope contained the DOS' Motion to Exclude submitted to the FSGB on August 12, 2005, but not mailed to plaintiff's counsel until August 23, 2005 (see C at 770 and 780). Plaintiff's counsel retains a very clear copy of that envelope bearing the August 23, 2005 postmark, if the Court needs a better copy.

[3] Mr. Pastic used the private e-mail account, jpastic@cox.net, to communicate with Mr. Noonan who used the private e-mail account, founding30@msn.com.

4

Park, Inc., et. al v. Volpe, 4001 U.S. 402, 420 (1971).  For the Court to make the necessary critical evaluation to determine whether the FSGB acted perfunctorily, arbitrarily or reasonably, whether the decision was based on consideration of all relevant factors and whether there has been a clear error in judgment, it needs the full AR that was before the FSGB at the time it made its decision.  See Appalachian Power Co. v. Environmental Protection Agency, 477 F.2d 495, 507 (4th Cir. 1972).  Without that record, the Court cannot in a fully informed manner pass on the Motions for Summary Judgment that will be before it.  Id.; see also Higgins v. Kelly,  574 F.2d 789, 793 (3d Cir. 1978) (citing its holding in Twiggs v. United States Small Business Administration, 541 F.2d 150 (3d Cir. 1976) that the district court "review of an incomplete record did not satisfy the procedural requirements of the Administrative Procedure Act").

     Mr. Olson requests an Order from the Court requiring defendant to complete and submit all communications, not only documents concerning him, but also *ex* parte and private e-mail correspondence, between the FSGB and the DOS on Mr. Olson's case or regarding or referring to Mr. Olson, and the attached four documents.

     Pursuant to Local Civil Rule 7(m), plaintiff's counsel has been in discussion with defendant, since on or about September 29, 2006, about communications and pages missing from the AR.  Defendant had agreed to supplement the AR with certain pages which were omitted from the AR, but, on October 12, 2006, advised that she opposes plaintiff's request to include all *ex parte* communications and the four specific documents, mentioned above.  She plans to file a written opposition.

     The Court is respectfully referred to the accompanying proposed Order.

Respectfully submitted,

/s/_____
Janine M. Brookner, DC Bar #467360
Counsel for Karl Olson
3645 St. Mary's Place, NW
Washington, DC 20007
Tel.  202/338-5743
Fax. 202/338-6629

6