07002010-1

# United States of America



## DEPARTMENT OF STATE

*To all to whom these presents shall come, Greetings:*



ify That Jacqueline Ratner, whose name is subscribed to the document hereunto annexed, e time of subscribing the same Executive Secretary, Foreign Service Grievance Board, nt of State, United States of America, and that full faith and credit are due to her acts as

In testimony whereof, I, Condoleezza Rice, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this nineteenth day of October, 2006.

*Condoleezza Rice*
Secretary of State

By *Jean C. Hampton*
Assistant Authentication Officer,
Department of State

Issue uant to State of
Sept. 789, 1 S -69; 22
USC 22USC 5 USC
301; C 1733 e 8 USC
1443 LE 44 Fe ules of
Civil ure.

T rtificate is not valid if it is removed or altered in any way whatsoever



**Foreign Service Grievance Board**
Suite 3100  SA-15
Washington, D.C. 20522-1531

Telephone: 703-875-5157
Fax: 703-875-5177

October 18, 2006

## CERTIFICATION

I, Jacqueline Ratner, Executive Secretary of the Foreign Service Grievance Board, certify that the attached is a true copy of the bate-numbered pages missing (pages 060-061, and 859) from the original authenticated Record of Proceedings in the Case No. 98-087 REMAND (Karl Olson).  This file contains only unclassified material.

*Jacqueline Ratner*
Jacqueline Ratner
Executive Secretary

UNITED STATES GOVERNMENT

# memorandum

DATE: 12 October, 1995
REPLY TO
ATTN OF: CONS - Karl Olson

SUBJECT: Machine Readable Visa (MRV) Fee Accounting

TO: OIG Inspection Team - Mr. Bloch

We are not doing proper accounting for the USD $20 MRV Fee. Our MRV Fee Clerk is only submitting the daily counts to Admin. Admin is aware (from attached) that other reconciliations are necessary. I myself would like very much to do a three-way reconciliation of Citibank receipts sold, MRV Fee Receipts received and the NIVCAPS record of cases processed.

Admin has declined to provide copies of the reports from Citibank showing how many receipts are sold. Please see attached memo confirmation. The GAO/OIG/etc. team that visited Sao Paulo should see this memo.

OPTIONAL FORM NO. 10
(REV. 1-80)
GSA FPMR (41 CFR) 101-11.6
5010-113

☆ U. S. GOVERNMENT PRINTING OFFICE : 1983 O - 381-526 (8193)

060


0000 78Y

UNITED STATES GOVERNMENT

# memorandum

DATE: October 6, 1998

REPLY TO
ATTN OF: CONS – Karl Olson, Accountable Consular Officer (ACO)

SUBJECT: CMGT, AFIN, CVIS, BR: Citibank Reports on MRV Fees

TO: ADMIN – Mr. Estrada

This confirms our October 5 conversation.

I understand that the three Citibank branches each prepare a weekly report of MRV Fee Receipts sold, and that these reports are forwarded to Admin. I requested copies of these reports for ACO reconciliation purposes and you informed me that I would not receive them.

You further informed me that Admin would use our MRV Fee Clerk's weekly report of MRV Fee Receipts received each day for Citibank-related reconciliation. We will of course continue to prepare and forward these reports.

In the absence of Citibank reports, it will not be possible for me to perform any Citibank-related reconciliation.

Drafted by: CONS:KOlson_WP3703D
Cleared by: CONS:ELBeffel

061

000078Z

OPTIONAL FORM NO. 10
(REV. 1-80)
GSA-FPMR (41 CFR) 101-11.6
5010-114
* U.S. GPO: 1992-312-071/50046

We do not find evidence to suggest Zweifel was disrespectful to Olson. It seems wholly inappropriate for Olson to misuse the visa process in an attempt to convey a message. To the Board it seems spiteful.

Also, we see no connection between Zweifel's action here and his comments in the EER. The pilot had legitimate concerns over allowing one with an infectious disease to emplane and was acting within the terms of a bilateral agreement.

In summary, what this record depicts is an officer highly skilled and adept in consular matters but hardly so in his interpersonal relations. He has been a disruptive force in the workplace. We find that the challenged comments in the EERs are not a consequence of any bias, but rather are attributable to Olson's conduct. In their totality, the evaluations are "fair and accurate." They have a rational basis. Olson has not carried his burden. See 22 CFR 905.1(a).

These appraisals meet what we have long held was the critical test of acceptable EERs: they fairly and accurately described Olson's performance with adequate clarity and documentation to constitute reasonably discernible, objective and balanced appraisals. (FSGB Case No. 93-15 (December 23, 1993).

## V. DECISION

The grievance appeal is denied in all respects. The attorney fee issue need not be reached. Grievant is not a prevailing party.