UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL OLSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CONDOLEEZZA RICE, Secretary of State, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 06-1205 (GK) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
## TO COMPLETE THE ADMINISTRATIVE RECORD

Plaintiff has moved the Court to issue an order directing defendant to supplement the administrative record before the Foreign Service Grievance Board ("FSGB" or "Board") with materials which the Board has already determined do not belong in the administrative record. The FSGB's determination of what belongs in the record of its own proceedings trumps plaintiff's unsupported argument for inclusion of every conceivable shred of minutiae. The administrative record amply supports the Board's decision on remand and there is no suggestion that the Board acted in bad faith in assembling the record. Because the record is complete already, as supplemented on October 24, 2006 with pages inadvertently omitted during the copying process, plaintiff's motion should be denied.

    **A.    Chronology of Proceedings Before the FSGB Involving Its Record**

As the following chronology of events, which is documented in the Administrative Record, makes plain, plaintiff's motion continues in this Court an unremitting effort to unnecessarily multiply the filings and proceedings in this case. In this motion, plaintiff seeks to

pad the record not with additional evidence relevant to the merits of his claim, but with document after document addressing the Board's attempts to close the record on remand.

By way of background, in its initial acknowledgment letter upon receiving the remand of plaintiff's grievance from the Court, the Board noted its view that, with the ample existing record, "there is no need to accept additional evidence," and that the remand proceedings would consist of argument briefed by the parties. AR 21-22. After the parties reviewed and corrected the existing record, the Board indicated on June 3, 2005 that "[t]his is the record upon which the decision of the remand will be made," and it set a briefing schedule for the summer. AR 96. Following that briefing, however, plaintiff repeatedly frustrated the Board's efforts to achieve closure and certify a final record.

> August 30, 2005: The FSGB issues a statement that "[T]he Board is now closing the Record of Proceedings (ROP), and will provide a decision presently." A list of the documents in the ROP was attached, and the "parties are requested to review the attached inventory, and advise the Board, by close of business Wednesday, September 7, 2005, of any errors or omissions in the inventory. Barring receipt of any proposed corrections to the inventory, the ROP shall be considered closed effective as of the date of this memorandum." See AR 783-85.[1]

---

[1] All references to the Administrative Record in this opposition are to Part C of the record.

September 9, 2005: Plaintiff confirms that the ROP is complete, following the Board's agreement to clarify what would be included in entry 31 in the ROP. See AR 787.

September 12, 2005: Plaintiff withdraws his consent to the ROP based on plaintiff's perception that a September 9, 2005 e-mail from Joe Pastic contradicted plaintiff's understanding of what would be excluded from entry 31 in the ROP. Mr. Pastic is not a member of the Board; he was the FSGB staff member charged with handling administrative aspects of the grievance. Plaintiff also requested an accounting of all *ex parte* communications. See AR 786-88.

September 19, 2005: The FSGB issues an order responding to plaintiff's September 12, 2005 filing. The order stated that "[t]he Record of Proceedings upon which the Board will make its decision consists of the evidence in the ROP as of June 3, 2005, as well as the arguments and briefs submitted by the parties in accordance with the submissions prescribed by the Board's Order of June 22, 2005 and as modified by this Order." A revised ROP was attached; it added to the previous ROP plaintiff's September 12, 2005 filing and the Board's September 19, 2005 order. The order requested that the parties review the revised ROP and advise the Board of any errors or omissions by October 3, 2005. "Barring receipt of any necessary

|                      | |
|---|---|
| | corrections to the inventory, the ROP shall be considered closed effective September 19, 2005." See AR 790-99. |
| September 23, 2005: | Plaintiff files a response to the Board's September 19, 2005 order, requesting that additional materials be included in the ROP: (1) e-mails dated September 2 and 7, 2005 from Henry Noonan at the State Department to Mr. Pastic (which had already been included in the record); (2) Mr. Pastic's September 9, 2005 e-mail; and (3) all other *ex parte* communications. See AR 805-06. |
| September 26, 2005: | FSGB Board member Ed Reidy responds to plaintiff's September 23, 2005 request. He notes that the September 2 and 7, 2005 e-mails were already in the record, determines that "there is no reason to include" Mr. Pastic's September 9, 2005 e-mail in the ROP because the Board's September 19, 2005 order fully explains what would be in the ROP, and stated that he was "not aware of any [ex parte] documents not yet provided." AR 809-10. |
| October 10, 2005: | Plaintiff files another request to include in the ROP the September 9, 2005 Pastic e-mail, any *ex parte* communications, as well as Plaintiff's September 23, 2005 and October 10, 2005 submissions. Plaintiff "agree[s] that [the] Board can make a prompt, just and fair decision on the record of Proceeding ('ROP') as it now stands," but asks that the record be supplemented so that the district court would have a complete record "of what has transpired." |

| | |
|---|---|
| October 10, 2005: | The Department files a motion to exclude stating that plaintiff's October 10, 2005 submission was untimely. |
| October 12, 2005: | Plaintiff files a response to the Department's motion. |
| October 13, 2005: | The FSGB issues an order in response to the October 10-12, 2005 flurry of filings. The Board "ordered that no additional material will be included into the record beyond that already accepted. The Foreign Service Grievance Board made it clear on September 26, 2005 that the record as it then stood was considered sufficient for it to make a prompt, just and fair decision . . . . Grievant agrees with that determination." The Board further states that "[t]here have been no ex parte communications of the nature that must be placed in the record. See 22 C.F.R. § 910.2(c)." The Board stated firmly that "no further submissions are anticipated or likely to be considered. The Board has a legitimate interest in managing its caseload by setting a time after which it will no longer receive or consider comments or evidence." Finally, the Board noted that "[t]here simply is no requirement that everything submitted be included into a record." See AR 812-15. |

**B.   The Law Governing the Administrative Record**

"If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994) (quoting Walter O. Boswell Mem. Hosp. v.

Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984)), aff'd, 53 F.3d 1289 (D.C. Cir. 1995). Therefore, it is a matter of well-settled law that "[t]he administrative record includes all materials 'compiled' by the agency that were before the agency at the time that the decision was made." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal citations omitted), cert. denied, 519 U.S. 1077 (1997). "Although an agency may not unilaterally determine what constitutes the administrative record, the agency enjoys a presumption that it properly designated the administrative record absent clear evidence to the contrary." Fund for Animals v. Williams,  245 F.Supp.2d 49, 55 (D.D.C. 2003) (internal citations omitted), vacated on other grounds, 428 F.3d 1059 (D.C. Cir. 2005). Supplementing the administrative record "is the exception not the rule." Motor & Equip. Mfrs. Ass'n v. Environmental Protection Agency, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979), cert. denied,  446 U.S. 952 (1980). Judicial review pursuant to the APA's "arbitrary and capricious" standard is confined to the administrative record, and "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" Florida Power & Light v. Lorion, 470 U.S. 729, 744 (1985). "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." Id.; Linemaster Switch Corp. v. EPA, 938 F.2d 1299 (D.C. Cir. 1991) (party can submit new documents as part of the judicial record so the Court can consider the exclusion of them from the administrative record, but if the documents were improperly filed with the agency, the Court should not supplement the administrative record).

While judicial review of agency action is normally to be confined to the administrative record, Florida Power, 470 U.S. at 743, the following limited exceptions to this general rule have been recognized:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (footnote containing citations omitted).[2] "However, these exceptions should not be construed to swallow the rule that extrinsic evidence is generally inadmissible, particularly when the extrinsic evidence is argumentative as opposed to explanatory. Put another way, '[c]ourts admit outside evidence primarily as a means of requiring an agency to explicate its own reasoning when the record is unclear.'" Corel Corp. v. U.S., 165 F. Supp.2d 12, 31 (D.D.C. 2001); NTEU v. Hove, 840 F.Supp. at 168. Supplementation of the administrative record may also be allowed when there is a "**strong** showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review." Fund for Animals v. Williams, 245 F.Supp.2d at 57-58 (emphasis added) (citing Commercial Drapery Contractors v. United States, 133 F.3d 1, 7 (D.C. Cir.1998)); see also Sierra Club v. Slater, 120

---

[2] See also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled law that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made."). "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." Florida Power, 470 U.S. at 743-44.

F.3d 623, 638 (6th Cir. 1997) (noting that supplementation of the administrative record is justified when "an agency deliberately or negligently excludes certain documents, or when the court needs certain 'background information in order to determine whether the agency considered all of the relevant factors.'") (internal citations omitted).

      **C.**      **The Materials Plaintiff Seeks to Include Are Not Properly Part of the Record**

In his motion, plaintiff seeks to supplement the administrative record with four specific documents that were properly excluded by the Board, and he invites the Court to order a search for *ex parte* communications even though the Board has already concluded that no such communications exist that warrant inclusion in the record. Plaintiff fails to demonstrate any valid basis for the relief he seeks.[3] Defendant does not dispute that the administrative record should be complete, but maintains that plaintiff should not be permitted to dictate its contents and force inclusion of materials the Board has affirmatively--and appropriately--rejected.

Plaintiff's motion fails to demonstrate the existence of any of the exceptions to the presumption of regularity and sufficiency regarding the administrative record. Indeed, plaintiff fails to cite any legal authority for adding the specific kinds of items he requests, and instead

---

[3] Indeed, plaintiff's request that the Court issue an order directing the defendant to do anything with regard to the administrative record is puzzling because the administrative record is the Board's and the defendant lacks the authority to compel the Board to act. To the extent that the Court decided that it was unable to review the Board's decision because of some flaw in the administrative record, the appropriate remedy would be to remand once again to the Board. Importantly, plaintiff admitted to the Board that it possessed sufficient information to render its decision without the materials which are currently the subject of plaintiff's motion, and plaintiff's motion makes no claim that the record is actually inadequate for judicial review. Because plaintiff appears to allege only that the record would be enhanced (in no specific way) with these other items, it is appropriate for the Court to deny plaintiff's motion and receive briefs from the parties on the substance of this controversy; those briefs may include arguments about the sufficiency of the record for judicial review.

relies exclusively on the notion that a party, rather than the Board, should dictate the contents of the administrative record. At most, plaintiff may be alleging that the Board considered material omitted from the record--the very evidence which he seeks to introduce. In certifying the record of proceedings, however, the Board indicated that it did not consider any additional materials–including the materials proffered in plaintiff's motion–before reaching its decision regarding the plaintiff's grievance. To the extent plaintiff's allegations of *ex parte* communications imply any bad faith, plaintiff has failed to make the "strong showing of bad faith" necessary to invoke that exception to the general rule prohibiting supplementation of the administrative record; the Board neither considered any such communications in reaching its decision nor excluded them from the record for any self-serving purpose.

The Board itself has already addressed these issues, and its decision on the proper scope of its own record should be presumed to be regular and correct. Cf. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 105 (1977). Furthermore, the administrative record is far from "bare." In fact, the administrative record in its present form is more than adequate to allow for judicial review.[4] Plaintiff has failed to show any circumstances that would overcome the presumption of the agency's properly designated administrative record and so plaintiff's request to supplement the administrative record should be denied.

**1. Closure of the Record.** Contrary to plaintiff's assertion, the Board closed the Record on Proceeding ("ROP") on September 19, 2005, with only a limited exception for any

---

[4] Nor do the materials that plaintiff wants to add to the AR assist in evaluating the merits of his grievance. None address the question of whether anti-homosexual bias or managerial dysfunction tainted his evaluations. Rather, all focus on the Board's effort to close the record.

submissions received by October 3 addressing problems with the ROP, and any additional Board orders.  The FSGB issued an order on September 19, attaching the final version of its proposed ROP and requesting that the parties advise the board of any problems by October 3, 2005.  See AR 790-99 ("Barring receipt of any necessary corrections to the inventory, the ROP shall be considered closed effective September 19, 2005.").  Plaintiff filed one objection prior to October 3, 2005, and the Board therefore added it to the ROP.  When the Board wrote on October 13, 2005 that "no additional material will be included into the record beyond that already accepted," it meant that only those documents included in the September 19, 2005 ROP or explicitly permitted by the Board's September 19, 2005 order would be included in the record.

**2. Specific Documents Raised by Plaintiff.**  Plaintiff requests that four specific documents be included in the AR (Pl.'s Motion at 2), but all were properly excluded from the record:

a)   September 6, 2005 letter from plaintiff's counsel to the FSGB commenting on the Board's Inventory of Documents: Plaintiff never requested that this document be included in the ROP while this case was before the FSGB.  Beyond the fact that it is now too late to request its inclusion, it was not before the Board at the time it rendered its decision and is, therefore, not properly part of the record.

b)   September 9, 2005 e-mail from FSGB officer Joseph Pastic:  The Board considered this e-mail in its September 26, 2005 order and concluded that there was no reason to include it in the record.  The Board may exclude from the record any materials that are "irrelevant, immaterial or unduly repetitive," 29 C.F.R. §

> 903.3, and the issue addressed in Mr. Pastic's September 9 e-mail was resolved formally by the Board in its September 19 order.

c), d)  October 10 and 12, 2005 letters from plaintiff's counsel: both were untimely filed and were considered by the board in its October 13, 2005 order, which rejected the plaintiff's attempt to keep adding more filings to the record.

**3. *Ex Parte* Communications.**  Plaintiff asks the Court to order defendant to submit any and all "*ex* parte and private e-mail correspondence between the FSGB and the DOS," Pl.'s Motion at 5, but there is no indication that any such communications were improperly excluded from the record. Unlike the four specific documents discussed by plaintiff, this generic category of documents is not readily identifiable such that granting plaintiff's motion in this regard would be tantamount to permitting discovery. Discovery in APA cases is rare and plaintiff's motion fails to satisfy the standard for obtaining it. National Law Ctr. on Homelessness & Poverty v. Department of Veterans Affairs, 736 F. Supp. 1148, 1152 (D.D.C. 1990) ("the general is rule that discovery is not permitted prior to a court's review of the agency action" under the APA).[5]

---

[5] Discovery is only allowed in two limited circumstances: (1) where there has been a "strong showing of bad faith or improper behavior;" or (2) where "discovery provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." See Community for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990) ("CCNV"); see also Saratoga Dev. Corp. v. United States, 21 F.3d 445, 458 (D.C. Cir. 1994) (no error in exclusion of certain reports from record even though reports formed the basis of advice given to decisionmaking agency in a disappointed bidder case). "[S]hould the court find that the complete administrative record is factually deficient, the proper course is not to allow . . . extensive discovery, but to . . . remand [the agency's] decision . . . for factual development." National Law Ctr., 736 F. Supp. at 1153; National Petroleum Refiners Ass'n v. Federal Trade Comm'n, 392 F. Supp. 1052, 1054 (D.D.C. 1974) (holding that even in the "sharply limited situations" where courts have granted discovery, it was only after they determined on review that the administrative record was inadequate); see also Florida Power, 470 U.S. at 744. "[O]nly in the rare case in which the record is so bare as to frustrate effective judicial review will discovery be permitted under the second exception." CCNV, 908 F.2d at

Board regulations state that any *ex parte* communications "concerning the merits" of a grievance "shall be placed in the record." 29 C.F.R. § 910.2(b). They also explicitly exclude communications concerning administrative matters from this requirement: "This rule does not apply to communications concerning such matters as the status of a case, the methods for transmitting evidence to the Board, and other procedural matters which do not concern the merits of any matter before the Board . . . ." 29 C.F.R. § 910.2(c). Moreover,"irrelevant, immaterial or unduly repetitive" materials do not need to be included in the record. 29 C.F.R. § 903.3. There is no reason to believe that the Board did not adhere to these standards when compiling the record in this case.

In fact, the Board specifically addressed the issue of *ex parte* communications in its various orders attempting to bring closure to the record. First, the FSGB's September 19, 2005 order discussed two e-mails from Mr. Noonan at the State Department to Mr. Pastic, the FSGB staff member, that had not been sent to plaintiff's counsel, Ms. Brookner. The FSGB sent copies of those e-mails, dated September 2 and 7, 2005, to plaintiff's counsel and, in an abundance of caution, included them in the record at AR 800-02. The Board noted, however, that "Exchanges involving the Board in facilitating the provision of submittals are considered by the Board to be administrative in nature and are usually not included in the ROP." AR 790-99. Second, Board member Ed Reidy stated in his September 26, 2005 order that he was "not aware of any [*ex parte*] documents not yet provided." AR 809-10. Finally, the Board's October 13, 2005 Order stated adamantly that "[t]here have been no ex parte communications of the nature that must be placed in the record. See 22 C.F.R. § 910.2(c)." AR 812-15.

---

998.

Tellingly, although plaintiff insists that supposedly everything must be included in the Administrative Record, plaintiff apparently does not seek to add the defendant's motion to exclude her October 10, 2005 filing or any of plaintiff's counsel's own *ex parte* e-mails (which were properly left out of the record because they were administrative in nature). Plaintiff does not contend that the Board deliberately or negligently excluded documents adverse to its decision or show any need to supplement record with background information. Indeed, it is impossible to discern from plaintiff's motion what marginal value would be added by including any of the items about which plaintiff complains.

## Conclusion

For all these reasons, the Court should deny plaintiff's motion to include extraneous material in the administrative record and review the Foreign Service Grievance Board's decision in light of the existing record.

Dated: October 30, 2006.

                        Respectfully submitted,

                        _____
                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                        United States Attorney

                        /s/_____
                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                        Assistant United States Attorney

                         /s/_____
                        JANE M. LYONS, D.C. Bar # 451737
                        Assistant United States Attorney
                        555 4th Street, N.W. - Room E4822
                        Washington, D.C. 20530
                        (202) 514-7161