UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
KARL OLSON                             )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )   Civil Action No. 06-1205 (GK)
                                       )
CONDOLEEZZA RICE, Secretary of State,  )
                                       )
            Defendant.                 )
_____ )


**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO
MOTION TO COMPLETE THE RECORD**

Plaintiff Karl Olson hereby replies to defendant's opposition to his motion to complete the Administrative Record ("AR"). Defendant argues that Mr. Olson is asking to include extraneous material in the record. This is incorrect. The material that Mr. Olson requests be included in the record, and which defendant deliberately or negligently omitted, is information showing that the procedures employed during the remand of his case to the Foreign Service Grievance Board ("FSGB") were arbitrary and capricious, as outlined in Plaintiff's Complaint ("Pl's Com) at ¶¶ 108-131, 217. Without this material, the AR is incomplete.

**A. Factors Showing Defendant Deliberately or Negligently Excluded Documents
and the Record is Incomplete**

Five factors, viewed together, constitute a substantial showing that defendant deliberately or negligently excluded documents from the AR that may have been adverse to its decision and the record remains incomplete. Indeed, some of these factors also

demonstrate the FSGB's improper conduct or bad faith. The first four of the five factors listed below were raised in Mr. Olson's Complaint:

1) Documents Withheld - During the earlier action before this Court (Civ. Act. No. 02-1371 (GK)), which resulted in the remand of this case to the FSGB, defendant deliberately or negligently withheld 320 pages of documents pertinent to the processing of Mr. Olson's case. While the earlier action was ongoing, Mr. Olson realized that missing from the AR was some important material about one of his major achievements while he was posted in Brazil. He, therefore, asked defendant to complete the record. Defendant then supplemented the AR and provided 40 pages to the Court and to plaintiff. These 40 pages, however, were only part of what turned out to be 320 pages omitted from the AR, all located in the same FSGB file. On April 6, 2005 while his case was on remand, Mr. Olson reviewed the FSGB Record of Proceedings ("RoP") for his case and discovered these 320 pages. All of the 320 missing pages, which were pertinent to the processing of his case, were deliberately or negligently denied to the Court and to Mr. Olson but were before the FSGB at the time it made its earlier decision, as well as its decision on remand.[1]  See AR Part C at 83-87;  see also Pl's Com at ¶¶ 109 -115.

2) *Ex parte* Communications - *Ex parte* and private e-mail communications were exchanged between FSGB officers and the Department of State ("DOS") Grievance staff regarding or referring to Mr. Olson while his case was on remand to the FSGB. Pl's Com at ¶¶ 117-131. The AR contains a copy of just four of these *ex parte* communications, one dated June 15, 2005, two

---

[1] These documents are finally before the Court and have been included in AR Part C at 98 – 420.

2

dated September 2, 2005 and one dated September 7, 2005.  AR Part C at 800-802.  The September 2nd and September 7th *ex parte* e-mails were sent to Mr. Olson on September 22, 2005, only after he specifically learned of and requested them.  AR Part C at 800-802, 805; see also Defendant's Opposition to Plaintiff's Motion to Complete the Administrative Record (Def's Opp") at 12, which admits these *ex parte* e-mails had not been sent to plaintiff's counsel.  The June 15th *ex parte* communication was deliberately or negligently omitted from the earlier RoP, as well.  AR Part C at 784-85.  The June 15th *ex parte* e-mail is located at the very bottom of AR Part C at 802.  Under item 18 of the RoP Running Inventory, however, the FSGB deliberately or negligently substituted a proper e-mail, sent to both parties on June 22, 2005, for the June 15th *ex parte* e-mail.  See AR Part C at 428 which is a June 22nd e-mail which the RoP Running Inventory lists as the June 15, 2005 communication.  AR Part C at 428.  These communications were not merely administrative in nature but concerned the issues to be argued on remand and the DOS' attempt to exclude Mr. Olson's argument from FSGB consideration.  Contrary to defendant's claim that the generic category of documents discussed by Mr. Olson is not readily identifiable (Def's Opp at 11), what Mr. Olson requests is easily identifiable.  He requests from the FSGB production of all *ex parte* communications concerning him, not yet provided, during the period his case was on remand to the FSGB or written confirmation that no more exist.  The FSGB provided neither affidavits nor testimony regarding the existence and/or contents of these *ex parte*

communications and gave only vague assurances from its Chairman Edward Reidy that he was "not aware of any documents not yet provided" or there were no *ex parte* communications "of the nature that must be placed in the record." See AR Part C at 810, 814; see also Pl's Com at ¶¶ 125, 127. Indeed, defendant implicitly acknowledged the existence of additional *ex parte* communications by arguing the "Board neither considered any such communications in reaching its decision nor excluded them from the record for any self-serving purpose." Def's Opp at 9.

3) Personal E-mail Exchanges on Olson Case Between FSGB and DOS Staffers - On September 9, 2005, FSGB Senior Advisor, Joseph Pastic, sent an e-mail to DOS Grievance officer, Henry J. Noonan, from his home internet account to Mr. Noonan's home internet account wherein Mr. Pastic decided that Mr. Olson's "entire submittal [argument] would be excluded." See Plaintiff's Motion Requesting Court Order Requiring Defendant to Submit Complete Record Including Ex Parte Communications ("Pl's Mot") - Attachment B, dated October 14, 2006.[2] The subject of Mr. Pastic's e-mail was deliberately or negligently labeled "admin matters on Olson remand 98-087," although the communication concerned significant, substantive matters. The FSGB refused to include this e-mail in the AR, even though it was the impetus for plaintiff (a) withdrawing his consent to close the RoP, (b) requesting an accounting of other personal e-mail communications concerning him and (c) requesting reconsideration and clarification of Mr. Pastic's decision to exclude Mr. Olson's "entire submittal." See AR Part C at 786-88; see also Pl's Com at ¶¶

---

[2] This e-mail was also sent to plaintiff's counsel.

118-120, 122-123. The content of that e-mail was not, as defendant claims, irrelevant, immaterial or unduly repetitive. Importantly also, defendant has never explained why Mr. Pastic and Mr. Noonan even know each other's home e-mails and why they were discussing Mr. Olson's case using their personal e-mail accounts. Moreover, the FSGB had before it Mr. Pastic's e-mail at the time it made its decision on the Olson case. Defendant's deliberate refusal to include this e-mail in the RoP is strong evidence showing bad faith or improper behavior. Pl's Com at ¶ 126.

4) Refusal to Include Letters Asking to Complete the RoP - The FSGB also deliberately refused to include in the AR three significant, substantive letters, written by plaintiff's counsel, advising the FSGB, *inter alia*, of errors and omissions in the RoP and requesting a complete and accurate record. See Pl's Mot – Attachments A, C and D. The FSGB did not issue an Order until October 13, 2005, stating no additional material will be included in the record beyond that already accepted. AR Part C at 813-814. These letters, therefore, were all before the FSGB when it made its final decision. In the letter dated September 6, 2005, plaintiff's counsel wrote the FSGB, stating that she had never seen certain items that were listed in the RoP and asking for confirmation that the FSGB's August 29, 2005 Order granting the DOS Motion to Exclude applied only to the attachments to Mr. Olson's argument. On October 10, 2005, plaintiff's counsel sent the FSGB a second letter, requesting the FSGB: a) to look for and confirm that all communications, not only documents, had been provided; b) to include in the RoP Mr. Pastic's

September 9, 2005 e-mail and four significant letters or memoranda between the FSGB and Mr. Olson's counsel; and c) to forward a revised RoP for Mr. Olson' review. On October 12, 2005, plaintiff's counsel wrote the FSGB the third letter, explaining that the FSGB letter, dated September 26, 2005 but postmarked September 30, 2005, was not received by counsel until October 5, 2005 (two days past the deadline of October 3, 2005) and asking that the FSGB grant the requests outlined in her October 10th letter. These letters, all of which were before the FSGB when it made its decision on the Olson case, were deliberately omitted from the AR and constitute a strong showing of bad faith or improper behavior. See Pl's Com at ¶¶ 128-129, 133-131.

5) Missing Pages - Defendant deliberately or negligently excluded 21 pages from AR Part C. This problem was raised by Mr. Olson's counsel on September 28, 2006, but it took defendant another 26 days, until October 24, 2006, to file the missing pages. Defendant's counsel promised that the missing documents would be ready during the week of October 9th, but failed to deliver. There were at least two significant documents pertinent to the processing of Mr. Olson's case among the missing pages: Mr. Olson's 1993-94 Employee Evaluation Report ("EER") which provides clear evidence that his EERs were excellent prior to the arrival of a homophobic supervisor who rated his performance (AR Part C at 716-719) and Mr. Olson's comments regarding one of his major achievements which was completely omitted from his EER (AR Part C at 36). This material was before the FSGB at the time it made its decision and has finally been placed in the AR.

### B. Complete and Accurate Chronology of Proceedings

Defendant tries to discredit Mr. Olson with her offensive claims that: he argued "for inclusion of every conceivable shred of minutiae," he was and is involved in an "unremitting effort to unnecessarily multiply the filings and proceedings in this case," he "seeks to pad the record" . . . "with document after document addressing the Board's attempts to close the record on remand," and he "repeatedly frustrated the Board's effort to achieve closure and certify a final record." Def's Opp at 1, 2. The following chronology shows that these accusations are untrue and that Mr. Olson was just trying to get the FSGB to do right thing:

April 6, 2005 – Mr. Olson personally reviewed the FSGB's RoP on his case and found 320 pages of documents which had not been included in the AR that was filed with this Court on August 27, 2003, pursuant to Civ. Act. No. 02-1371 (GK).

June 15, 2005 – Mr. Noonan sent an *ex parte* e-mail to the FSGB, the subject of which was "FW: Olson Issues on Remand memo." A copy can be found at the very bottom of AR Part C at 802-804. The RoP lists a June 15, 2005 communication as item 18 at 428. AR Part C at 428 is not a June 15, 2005 e-mail. It is a June 22, 2005 e-mail. The FSGB deliberately or negligently substituted the June 15, 2005 *ex parte* e-mail from Mr. Noonan with a June 22, 2005 e-mail which Mr. Noonan properly sent to both parties.

August 1, 2005 - FSGB officer Janet McGee became Special Assistant for the Olson case. AR Part C at 740.

August 30, 2005 – The FSGB issued a statement regarding closing the RoP and asked the parties to review the RoP and advise the Board of any errors or omissions. The

RoP did not include the DOS' June 15, 2005 *ex parte* communication, stating the DOS' position on the issues to consider on remand. AR Part C at 783-785.

September 2, 2005 – Mr. Noonan sent two *ex parte* e-mails to the FSGB; the subject of both was "Olson RoP." AR Part C at 802.

September 6, 2005 – Plaintiff, through counsel, timely submitted his comments on the RoP. He noted items he was not aware of and asked for confirmation that item 31 applied only to the exclusion of the attachments to his argument before the FSGB. He asked the FSGB to include this confirmation in the record before closing the RoP. Pl's Mot – Attachment A. This letter was deliberately omitted from the AR but it was before the FSGB when it made its decision.

September 7, 2005 – At 9:35am, FSGB Special Assistant McGee sent an e-mail and an amended RoP to DOS Grievance officer Noonan and plaintiff's counsel, amending the inventory per both DOS' and plaintiff's comments. This new RoP changed item 31 to show that the Board's Order on the DOS Motion to Exclude applied only to the attachments to Mr. Olson's argument before the FSGB. See Attachment A to this Reply Memorandum – September 7th E-mail and Amended RoP. Defendant deliberately or negligently omitted this e-mail and the amended RoP from the AR. The June 15, 2005 *ex parte* e-mail was omitted from this inventory, as well. The FSGB had these documents before it when it made its decision on the Olson case.

September 7, 2005 – At 10:15am, forty minutes after Ms. McGee's e-mail and amended inventory were sent, DOS Grievance officer Noonan sent FSGB officer Pastic an *ex parte* e-mail asking for a ruling on the DOS' motions to exclude Mr. Olson's argument before the FSGB. AR Part C at 801.

September 9, 2005 – Mr. Olson, through counsel, confirmed that the RoP is now complete.  See Attachment B to this Reply Memorandum – Confirmation RoP is Complete.  Defendant deliberately or negligently omitted this document from the AR and now has falsely accused Mr. Olson of repeatedly trying to frustrate the FSGB's effort to close the record on remand.  Mr. Olson only withdrew his confirmation after learning that there were *ex parte* communications between the FSGB and the DOS, which had not been provided to him, and that FSGB officer Pastic and DOS officer Noonan were communicating with each other on his case using their private e-mail accounts.

September 9, 2005 – Mr. Pastic sent an e-mail from his home computer to Mr. Noonan's home computer,[3] as well as to Mr. Olson's counsel's business computer, deciding that Mr. Olson's "entire submittal will be excluded."  Pl's Mot – Attachment B.  This e-mail has been deliberately omitted from the AR but was before the FSGB when it made its decision.

September 12, 2005 – Upon seeing Mr. Pastic's decision to exclude his entire argument, Mr. Olson withdrew his confirmation that the RoP was complete and requested, *inter alia*:  a) that the FSGB reconsider Mr. Pastic's decision to exclude his argument; b) copies of all correspondence on his case not listed in the RoP, including *ex parte* communications; c) and the identity of the owner of the private e-mail account to whom Mr. Pastic sent his decision to exclude Mr. Olson's entire submittal.  AR Part C at 786-788.

September 19, 2005 – The FSGB issued an Order denying the DOS' request to exclude Mr. Olson's argument, but agreeing to exclude the attachments to it.  The FSGB

---

[3] Neither plaintiff nor counsel knew at the time to whose private e-mail account Mr. Pastic was sending this e-mail.

9

requested that the parties review the RoP for errors or admissions. It noted that the RoP shall be considered closed, barring receipt of any necessary corrections. AR Part C at 790-799. Corrections were later added and the RoP was not closed on September 19th. Between September 19th and the date that the FSGB issued its final decision on remand, the FSGB, in fact, added 15 pages to the record. AR Part C at 800-815.

September 23, 2005 – Mr. Olson responded to the Order, explaining he had not yet received the *ex parte* exchanges, dated September 2, 2005 and September 7, 2005, and requesting the inclusion in the RoP of Mr. Pastic's September 9, 2005 e-mail excluding his entire argument, and all other communications to and/or from the DOS and the FSGB concerning him, but not yet provided to him, including personal or non-official e-mails between Mr. Pastic and Mr. Noonan. Mr. Olson also requested that the FSGB and the DOS carry out all communication about him via official government channels. AR Part C at 805-806.

September 26, 2005 – FSGB Chairman Reidy responded, rejecting Mr. Olson's request to include Mr. Pastic's e-mail in the RoP and stating he was "not aware of any <u>documents</u> not yet provided (emphasis added)." He noted that the September 2, 2005 and September 7, 2007 *ex parte* e-mails were provided as attachments to a September 22, 2005 memorandum. AR Part C at 809-810.

October 6, 2005 – The FSGB issued a memorandum stating that Mr. Pastic had replaced Ms. McGee as Special Assistant working directly with the Board on Mr. Olson's case. AR Part C at 811. Even before October 6th, Mr. Pastic appeared to be making the decisions on this case.

October 10, 2005 – Mr. Olson responded to Chairman Reidy's September 26, 2005 letter, postmarked September 30th, and received October 5th, asking the FSGB: a) to confirm that all communications, not only documents, had been provided; b) to include in the RoP, *inter alia*, Mr. Pastic's September 9, 2005 e-mail and four letters or memoranda between the FSGB and Mr. Olson's counsel; and c) to forward a revised RoP for his review.  See Pl's Mot – Attachment C.  Mr. Olson agreed that the FSGB "can make a prompt, just and fair decision" on the RoP, as it stood.  The operative word, however, was "can."  As this case progressed and *ex parte* and home e-mail exchanges came to light, Mr. Olson became more or more doubtful that the FSGB would make a just and fair decision.  This letter has been deliberately omitted from the AR but it was before the FSGB when it made its decision.

October 12, 2005 – The DOS submitted a motion to exclude Mr. Olson's October 10, 2005 letter.

October 12, 2005 - Mr. Olson responded, explaining he simply wants a complete and accurate RoP and noting he cannot understand the DOS opposition unless it is aware of other *ex parte* communications not yet provided.  He asked the FSGB to grant his requests outlined in his October 10, 2005 letter.  Pl's Mot – Attachment D.  This letter has been deliberately omitted from the AR but it was before the FSGB when it made its decision.

October 13, 2005 – The FSGB issued an Order that "no additional material will be included into the record beyond that already accepted."  AR Part C at 812-815.  Defendant now is claiming to know the correct interpretation of this statement.  Defendant argues the FSGB "meant that only those documents included in the September

11

19, 2005 RoP or explicitly permitted by the Board's September 19, 2005 order would be included in the record (emphasis added)." Def's Opp at 10.  Defendant said that the FSGB "made only a limited exception . . . ." Def's Opp at 9.  Review of AR Part C as it now stands, however, shows that after September 19, 2005, the FSGB added another 15 pages to the AR before issuing its final decision.  AR Part C at 800-815.  Obviously, the RoP was not closed on September 19th.  Without providing any information about the content of the *ex parte* communications between the FSGB and the DOS concerning Mr. Olson, the FSGB's October 13th Order also decided "[t]here have been no *ex parte* communications <u>of the nature</u> that must be placed in the record (emphasis added)."

### C.  Argument

Generally there is a presumption that the administrative agency has properly designated the AR.  <u>Bar MK Ranches v. Yuetter</u>, 994 F.2d 735, 739 (10th Cir. 1993). This standard presumption is overcome when the party challenging the record provides good reason to believe that evidence will be uncovered relevant to the court's decision to look beyond the record.  <u>Amfac Resorts, LLC v. U.S. DOI</u>, 143 F. Supp.2d 7, 12 (D.D.C. 2001).  A reviewing Court may consider materials supplementary to the AR to determine the adequacy of the government agency's decision, even when the Court's scope of review is limited to the AR.  <u>U.S. v. Akzo Coatings of Am.</u>, 949 F.2d 1409, 1427 (6th Cir. 1991).

In the District of Columbia Circuit, there are four separate, well-established exceptions to the presumption that the administrative agency properly designated the AR. <u>Amfac Resorts, LLC v. U.S. DOI</u>, 143 F. Supp.2d at 11-12.  The third exception is especially pertinent to this Reply.  It states, "non-record review is merited, when the

agency may have 'deliberately or negligently excluded documents that may have been adverse to its decision.'" Id. (quoting Kent County v. Environmental Protection Agency, 295 U.S. App. D.C. 288, 963 F.2d 391, 395-96 (D.C. Cir. 1992)).  If an agency deliberately or negligently excludes such documents, the record is incomplete.  Int'l Longshoremen's Ass'n., AFL-CIO v. Nat'l Mediation Bd, 2006 U.S. Dist. LEXIS 4080, *9 (D.D.C. January 25, 2006).  Non-record review is also permissible where there is bad faith or improper behavior.  Amfac Resorts, LLC v. U.S. DOI, 143 F. Supp.2d 7, 12 (D.D.C. 2001).  In either case, a party must make a strong or substantial showing that material will be located in the agency's possession indicative of an incomplete record or bad faith.  Id;  see also Bar MK Ranches v. Yuetter, 994 F.2d at 739 (permitting discovery when a party has made a showing that the record may be incomplete); Natural Resources Defense Council v. Train, 171 U.S. App. D.C. 151, 519 F.2d 287, 292 (D.C. Cir. 1975) (permitting limited discovery to ensure that documents which are properly part of the AR have not been withheld);  Texas Steel Co. v. Donovan, DOL, 93 F.R.D. 619, 621 (N.D. Tex. 1982) (allowing discovery when plaintiff demonstrates some reasonable basis for believing that the AR is incomplete or produces reasonable evidence so the Court may determine whether the whole record has been filed); Saha Thai Steel Pipe Co. v. United States, 661 F. Supp. 1198, 1201-02, 11 Ct. Int'l Trade 257, 1987 Ct. Intl. Trade LEXIS 43, SLIP OP. 87-43 (1987) (permitting consideration of matters outside the AR when a party demonstrates a reasonable basis to believe the AR is incomplete).

       Courts do not often make extensive inquiries into the completeness of an AR. Int'l Longshoremen's Ass'n., AFL-CIO v. Nat'l Mediation Bd, 2006 U.S. Dist. LEXIS 4080, *14.  Some cases, however, demand such an inquiry because plaintiff has made a

substantial showing that defendant may have omitted documents from the AR. Id. Mr. Olson's case is such a case. He has made a significant showing that defendant has deliberately or negligently omitted documents, letters, e-mails and likely additional *ex parte* communications made in contravention of the FSGB's own rules (22 C.F.R. 910.2(b)) and that the record is incomplete. Mr. Olson has, therefore, demonstrated the existence of an exception to the presumption of regularity and sufficiency of the AR.

Mr. Olson has a valid basis for requesting the excluded material. His Complaint outlined the arbitrary and capricious procedures employed by the FSGB while his case was on remand. Pl's Com at ¶¶ 108-131. The material he asks to be included in the AR reinforces his Complaint that the FSGB's procedures were arbitrary and capricious.

FSGB Chairman Reidy refused to include in the AR Mr. Pastic's e-mail excluding Mr. Olson's entire submittal because, he claimed, an FSGB decision has explained what would be included in the RoP. AR Part C at 809. It appears that Mr. Reidy is saying Mr. Pastic's e-mail would be cumulative. This Court, however, has determined that there is no reason to decline supplementation of the AR simply because the additional information may be cumulative. Ad Hoc Metals Coalition v. Toddwhitman, EPA, 227 F. Supp. 2d 134, n/4 (D.D.C. 2002).

Moreover, documents should not be excluded because defendant claims she did not rely upon them. Id. at 139. [T]he record must include all documents and materials that the agency "directly or indirectly considered." Bar MK Ranches v. Yuetter, 994 F.2d at 739. The AR should contain whatever material the FSGB had before it when making its final decision to deny all of Mr. Olson's claims. National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994).

14

There is no question that the material Mr. Olson seeks to include in the AR actually exists. His counsel's letters exist, Mr. Pastic's e-mail exists and defendant even acknowledged the existence of additional *ex parte* communications but claimed the FSGB did not consider them. Def's Opp at 9. Furthermore, defendant has offered no affidavit, declaration or testimony asserting the non-existence of additional *ex parte* communications concerning Mr. Olson. Plaintiff's attorney, in fact, queried the FSGB whether Mr. Pastic and Mr. Noonan had been asked and confirmed in writing that there were no additional communications, but the FSGB did not respond. See Pl's Mot – Attachment C.

The FSGB has claimed no privilege regarding these documents. The requested documents obviously do not involve any legitimate deliberative processes. See Int'l Longshoremen's Ass'n., AFL-CIO v. Nat'l Mediation Bd, 2006 U.S. Dist. LEXIS 4080, *11-12.

An agency may not unilaterally determine what constitutes the AR. Fund for Animals v. Williams, 245 F. Supp.2d 49, 55 (D.D.C. 2003). Without the complete record, the AR is inadequate for judicial review of the claim raised in Mr. Olson's Complaint that the FSGB employed arbitrary and capricious procedures. The evidence which defendant is trying to withhold sheds light on the FSGB's handling of the Olson case and the arbitrary and capricious procedures it used in doing so. If this evidence does not help Mr. Olson's case, why is defendant so adamant about denying the Court and plaintiff the information?

**Conclusion**

Mr. Olson has made a substantial showing that defendant has deliberately or negligently omitted documents, letters, e-mails and likely additional *ex parte* communications made in contravention of the FSGB's own rules and that the record is incomplete. He asks the Court to grant his motion requiring defendant to complete the record.

Respectfully submitted,

/s/_____

Date: November 6, 2006

Janine M. Brookner, D.C. Bar #467360
Counsel for Plaintiff Karl Olson
3645 St. Mary's Pl., NW
Washington, DC  20007
(202) 338-5743