# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| KARL OLSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1205 (GK) |
| ) | |
| CONDOLEEZZA RICE, Secretary of State, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO SUBMIT COMPLETE ADMINISTRATIVE RECORD

Plaintiff Karl Olson requests the Court to compel defendant to fully comply with the Court Order, dated November 8, 2006. On that date, the Court ordered defendant to submit a complete Administrative Record ("AR") including all *ex parte* and private e-mail communications on plaintiff's case or regarding or referring to him between the Foreign Service Grievance Board ("FSGB") and the Department of State ("DOS") and their staffs. Defendant has only partially complied with that Order.

According to the Declaration submitted by FSGB Special Assistant Joseph J. Pastic, to comply with the Court Order he searched his e-mail folder for Mr. Olson's case which included the file he inherited from his predecessor, Special Assistant Janet McGee (see Defendant's Notice of Filing Supplemental Pages to the Administrative Record, hereafter "Supp Pages to AR," Declaration of Joseph J. Pastic at pp 1& 2). Apparently, only the e-mails in his "e-mail folder" were included in the Supp Pages to AR filed with the Court on November 22, 2006.

This submission does not respond fully to the Court Order that all communications on the Olson case or regarding or referring to the plaintiff, not included in the AR, between the FSGB and the DOS and their staffs, including *ex parte* and private e-mail correspondence be submitted for inclusion in the AR.  Apparently official and private computer records, facsimile logs, and notes were not searched to comply with the Court Order.  Communications by and between other FSGB members, in addition to the Special Assistants, including Executive Secretary Kay Anske and panel members Edward J. Reidy, Edward Dragon and Jeanne L. Schulz, do not appear to have been included in the search to locate documents responsive to the Court Order.  Defendant, it seems, only located and produced what was in Mr. Pastic's "e-mail folder."

In addition, even the scant material in the Supp Pages to AR shows that documents are still missing from the AR.  Supp Pages to AR at 872 is an Out-of-Office AutoReply, FSGB Olson 98-087 Remand, dated September 20, 2005.  There is no communication in the AR, however, showing the document on the Olson case which generated that Out-of-Office AutoReply.  Further, the September 9, 2005 e-mail, in which Mr. Pastic decided Mr. Olson's "entire submittal will be excluded," was sent directly to DOS officer Henry Noonan's private e-mail address, founding30@msn.com, but no Out-of-Office AutoReply was submitted in the Supp Pages to AR showing how Mr. Pastic knew Mr. Noonan was working from home that day.  See AR at 863.

In view of defendant's apparent failure to comply fully with the Court's Order of November 8, 2006, plaintiff moves to depose the custodian of records for the FSGB to determine what was done to locate the communications which the Court Ordered be

produced, what searches were accomplished, what was searched, whose documents, records, e-mails and notes were searched and how the searches were accomplished.

Another problem with the Supp Pages to AR was the redacted material. An entire e-mail was redacted from Supp Pages to AR at 881 and an entire e-mail as well as marginal notes were redacted from Supp Pages to AR at 884.  For the AR at 881 redaction, the only explanation given was "[a]n internal FSGB message has been redacted."  <u>See</u> Supp Pages to AR, Declaration of Joseph J. Pastic at page 2.  For the AR at 884 redactions, the explanation was "[t]he Grievance Staff's internal notes and a draft follow-up email (which was not sent) have been redacted."  <u>See</u> Supp Pages to AR, Declaration of Joseph J. Pastic at page 2.

These explanations fall far short of redactions that qualify as exemptions under the Freedom of Information Act, 5 USC § 552(b) ("FOIA") or the Private Act, 5 USC 552a ("PA").   Defendant "has the burden of showing that requested information comes within a FOIA [or Privacy Act] exemption."  <u>Niagara Mohawk Power Corp. v. U.S. Depa't of Energy</u>, 169 F.3d 16, 18 (D.C.Cir. 1999).  The Agency's burden of justification is substantial.  "Conclusory assertions of privilege will not suffice to carry the Government's burden . . . ."  <u>Coastal States Gas Corp. v. Department of Energy</u>, 617 F.2d 854 (D.C.Cir. 1980).  Additionally, the facts must be viewed in a light "most favorable to the requester . . . ."  What is needed is a "relatively detailed analysis (of the material withheld) in manageable segments."  <u>Goldberg v. Department of State</u>, 818 F.2d 71, 78 (D.C.Cir. 1987)(citation omitted), <u>cert. denied</u>, 485 U.S. 904 (1988); <u>see also</u> <u>King v. U.S. Department of Justice</u>, 830 F.2d 210, 217, 219 (1987).

Here, defendant failed to meet the necessary legal burden of demonstrating that the requested material was exempt from release. She provided almost no explanation or analysis of the material which she withheld. She did not segregate any exempt material from non-exempt material. Defendant, in fact, redacted the entire e-mail in Supp Pages to AR at 881, including the To, From, Date and Subject Line. In Supp Pages to AR at 884, defendant omitted everything except the To and Subject Line. Also, all marginal notes were redacted. Clearly, defendant did not segregate exempt from non-exempt material.

Defendant even failed to note what particular privilege she was claiming under FOIA or PA exemptions. If defendant was claiming FOIA, subsection (b)(5) exemption or PA, subsection (d)(5) exemption, what privilege was claimed? The two privileges recognized under these exemptions – the deliberative process and attorney-work product – are not applicable here.

Supp Pages to AR at 881 and 884 are e-mails of Mr. Pastic and Ms. McGee, respectively. Neither of these two Special Assistants was, or should have been, involved in the decision-making or deliberative process on the Olson case. As noted in their declarations, they handle administrative functions and try to facilitate the timely resolution of grievance appeals. See Supp Pages to AR, Declarations of Mr. Pastic and Ms. McGee.

To qualify as attorney work product, the document must be prepared by a lawyer "in contemplation of litigation." Senate of Puerto Rico v. U.S. Department of Justice, 823 F.2d 574, 586 (D.C.Cir. 1987). If a U.S. government agency were allowed, however, to "withhold any document prepared by any person in the Government with a law degree

simply because litigation might someday occur, the policies of the FOIA would be largely defeated." Id. at 586-87, citing Coastal States, 617 F.2d at 865. Moreover, the anticipation of litigation must be the "primary motivating purpose behind the creation of the document." U.S. v. Golf Oil Corp., 760 F.2d 292, 296-97 (Temp. Emer. Ct. App. 1985). Defendant clearly has not demonstrated that the attorney work-product privilege was involved in her decision to redact the e-mails and the marginal notes from the Supp Pages to AR. Indeed, neither Mr. Pastic nor Ms. McGee, who, it appears, prepared these emails, functions as a lawyer for the FSGB.[1]

Plaintiff's counsel has tried to work out the problem of the redacted material with the Assistant U.S. Attorney ("AUSA"). On Monday, November 27, 2006, counsel called and discussed the redactions with the AUSA. Counsel explained that she did not believe that the redacted material qualified under any FOIA exemption. She also noted that if classified material were involved, which she did not think was the case, she had a top secret security clearance granted by the Department of Justice and a secret clearance from the CIA and she would be willing to read the material at the FSGB. The AUSA said that she would contact the FSGB and call counsel back. On Tuesday, November 28th, in response to counsel's telephone message, the AUSA called and said she had not called the FSGB yet, but planned to contact them on Wednesday, November 29th. Plaintiff's counsel called the AUSA on November 29th, but received no return call. The AUSA called plaintiff's counsel on Thursday, November 30, 2006 to inform her that the FSGB was willing to let counsel see the redacted material. She hoped to receive the material that day and would share it with counsel. Hearing nothing, counsel called the AUSA at 4:15 pm on November 30th and left a message asking her to call before the end of the day

---

[1] It is not known whether either is a lawyer.

to give her a status report as to when she could view the redacted material.  As of

December 1, 2006, counsel has not heard from the AUSA on this important matter.

## CONCLUSION

Plaintiff requests leave of Court to depose the FSGB's custodian of records.  She

also requests an Order compelling defendant to submit the redacted material or fully

justify what privilege she is claiming in withholding these documents.

Respectfully submitted,


/s/_____

Date:   December 1, 2006                Janine M. Brookner, D.C. Bar #467360
                                        Counsel for Plaintiff Karl Olson
                                        3645 St. Mary's Pl., NW
                                        Washington, DC  20007
                                        (202) 338-5743