UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARL OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  06-1205 (GK) |
| ) | |
| CONDOLEEZZA RICE, Secretary of State, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL DEFENDANT TO SUBMIT COMPLETE ADMINISTRATIVE RECORD**

Pursuant to the Court's November 8, 2006 Order [Docket Entry No. 21] to supplement the record with materials that were not before the Foreign Service Grievance Board ("FSGB" or "Board") when it resolved plaintiff's grievance, the FSGB located responsive documents and provided two declarations explaining how they were located and the extremely limited material that was deemed unresponsive to the Court's Order.  See Defendant's Notice of Filing of Supplemental Pages to the Administrative Record [Docket Entry No. 22].[1]  Plaintiff has now moved to compel defendant to press the FSGB yet again to produce every conceivable scrap of information referencing plaintiff under the misguided notion that the administrative record is less than complete and fit for judicial review unless and until the entire FSGB is turned upside down

---

[1] Attorneys for defendant have made an effort to resolve one aspect of plaintiff's motion to compel.  After plaintiff's counsel objected to the two redactions on documents described in the Supplemental Declaration of Joseph J. Pastic, undersigned counsel obtained unredacted versions of the two documents and provided them to plaintiff's counsel by e-mail delivery after business hours on December 13, 2006.  Defense counsel provided the documents without waiver of any objection, privilege or exemption, and without any concession that the redacted material should have been included in response to the November 8, 2006 Order or should ever have been part of the administrative record.  Counsel for the parties will confer further if plaintiff, after reviewing the material, wishes to make any use of it in this litigation.

and inside out. Plaintiff's motion should be denied because the record is clear that the FSGB complied fully with the Court's Order, and because granting plaintiff's motion would be tantamount to requiring discovery from the FSGB without the required predicate. Neither discovery nor any further supplementing of the record is warranted in this case because the record as originally submitted contained all of the materials received by the Board.

Moreover, the Court should firmly shut the Pandora's box plaintiff is attempting to open and allow the parties to proceed to briefing on the merits of this case. Allowing a fishing expedition into the nooks and crannies of the FSGB for materials which were never before the Board and have no practical significance whatsoever to this case will not enhance the presentation of the legitimate issues to the Court.

As a matter of law, the FSGB's determination of what belongs in the record of its own proceedings trumps plaintiff's unsupported argument for inclusion of every conceivable shred of minutiae. The administrative record amply supports the Board's decision on remand and there is no suggestion, let alone any evidence, that the Board acted in bad faith in assembling the record. Because the record is complete already, as supplemented on October 24, 2006 with pages inadvertently omitted during the copying process, plaintiff's second motion dealing with the record should be denied.

**A.      The FSGB Complied Fully With the Court's Order**

Plaintiff's motion essentially accuses the FSGB of failing to comply fully with the Court's September 8, 2006 Order. Beyond the reasonable compliance evidenced in the November 22, 2006 filing, the attached Supplemental Declaration of Joseph J. Pastic ("Supp. Pastic Dec.") demonstrates plainly that the matters raised in the motion about other possible

repositories of information about plaintiff overlooked previously amount to nothing more than rank speculation.

The Court's September 8, 2006 Order focused on "communications on the Olson case or regarding or referring to the plaintiff." The Board's staff searched every place where they believed such communications, including *ex parte* communications, could be reasonably found. See Supp. Pastic Dec. ¶ 2. The relevant staff people were all contacted and current staff took account of the possibility that former staff people might have had information responsive to the Court's Order. Id. ¶¶ 2, 6-8. The Board has confirmed not only that none of the other locations suggested by plaintiff contain any responsive documents but also that the Board did not have access to any of the materials already located. Id. ¶¶ 4-5, 10-13 (refuting plaintiff's notion that private e-mail accounts of staff members and facsimile logs might reveal additional documents responsive to the Sept. 8, 2006 Order).

The Court should find that the FSGB has complied fully with its September 8, 2006 Order. In assessing an agency's evidence in responding to a request under the Freedom of Information Act, it is well settled that courts normally accord a presumption of good faith and demonstrate the adequacy of a search as long as they are sufficiently clear and detailed. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979); Pharmaceutical Mfg. Ass'n v. Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978).[2]  Here, as under the FOIA, once the Court determines that the

---

[2] "When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not 'search every record system.'" Campbell v. U.S. Department of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998), quoting Oglesby, 920 F.2d at 68. "The agency is not required to speculate about potential

declarations are sufficient, it need not inquire further. To the extent the initial declarations raised questions, the Supplemental Pastic Declaration erases them by supplying additional information confirming that all responsive records were located during the Board's search and provided to the Court. Plaintiff has identified nothing in the documents themselves tending to suggest in any way that the Board acted in bad faith in assembling the administrative record. Instead, plaintiff's motion is grounded in the mere possibility that more might exist; Mr. Pastic's Supplemental Declaration demonstrates otherwise, and that should be the end of the matter.

### B. Plaintiff's Motion Fails To Demonstrate Any Facts To Warrant Further Supplementing the Administrative Record

As defendant outlined in his opposition to plaintiff's previous motion to supplement the administrative record, the law generally allows the agency to identify the administrative record and, absent a showing of some problem, the Court should accept the record as presented. Supplementation of the administrative record may also be allowed when there is a "**strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review.**" Fund for Animals v. Williams, 245 F.Supp.2d 49, 57-58 (D.D.C. 2003) (emphasis added) (citing Commercial Drapery Contractors v. United States, 133 F.3d 1, 7 (D.C. Cir.1998)); see also Sierra Club v. Slater, 120 F.3d 623, 638 (6th Cir. 1997) (noting that supplementation of the administrative record is justified when "an agency deliberately or negligently excludes certain documents, or when the court needs certain 'background information in order to determine whether the agency considered all of the relevant factors.'") (internal

---

leads" to the location of responsive documents, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996), although it is required "to follow through on obvious leads to discover requested documents." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999). That standard has more than been satisfied by the FSGB here.

citations omitted). "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994) (quoting Walter O. Boswell Mem. Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984)), aff'd, 53 F.3d 1289 (D.C. Cir. 1995). Therefore, it is a matter of well-settled law that "[t]he administrative record includes all materials 'compiled' by the agency that were before the agency at the time that the decision was made." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal citations omitted), cert. denied, 519 U.S. 1077 (1997). "Although an agency may not unilaterally determine what constitutes the administrative record, the agency enjoys a presumption that it properly designated the administrative record absent **clear evidence** to the contrary." Fund for Animals v. Williams, 245 F.Supp.2d at 55 (emphasis supplied; internal citations omitted), vacated on other grounds, 428 F.3d 1059 (D.C. Cir. 2005). Supplementing the administrative record "is the exception not the rule." Motor & Equip. Mfrs. Ass'n v. Environmental Protection Agency, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979), cert. denied, 446 U.S. 952 (1980).

    Plaintiff's motion fails to meet the "clear evidence" standard for the relief he seeks. Instead, plaintiff's motion to compel seeks the production of non-existent administrative trivia among and between staff people at the FSGB which has no bearing on the FSGB's actual decision subject to the Court's review. All of the material sought by plaintiff is far outside of that actually considered by the Board; therefore, it is irrelevant to the proceeding because there is no evidence whatsoever of any kind of irregularity or bad faith in the Board's processing of plaintiff's grievance on remand from this Court.

Judicial review of agency action is confined to the administrative record, Florida Power, 470 U.S. at 743, except in the following limited exceptions to this general rule:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (footnote containing citations omitted).[3] "However, these exceptions should not be construed to swallow the rule that extrinsic evidence is generally inadmissible, particularly when the extrinsic evidence is argumentative as opposed to explanatory. Put another way, '[c]ourts admit outside evidence primarily as a means of requiring an agency to explicate its own reasoning when the record is unclear.'" Corel Corp. v. U.S., 165 F. Supp.2d 12, 31 (D.D.C. 2001).

Plaintiff's motion fails to demonstrate the existence of any of the exceptions to the presumption of regularity and sufficiency regarding the administrative record. Indeed, plaintiff fails to cite any legal authority for the sort of relief he requests, and instead again relies exclusively on the notion that a party, rather than the Board, should dictate the contents of the administrative record. Despite having the record supplemented as he previously requested,

---

[3] See also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled law that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made."). "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." Florida Power, 470 U.S. at 743-44.

plaintiff has notably failed to make the "strong showing of bad faith" necessary to invoke that exception to the general rule prohibiting supplementation of the administrative record; the Board neither considered any such communications in reaching its decision nor excluded them from the record for any self-serving purpose. The Board's decision on the proper scope of its own record should be presumed to be regular and correct. Cf. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 105 (1977). Furthermore, the administrative record is far from "bare." In fact, the administrative record in its present form is more than adequate to allow for judicial review. Because plaintiff has failed to show any circumstances that warrant the extraordinary relief he seeks, his motion to compel and corresponding request to further supplement the administrative record should be denied.

## Conclusion

For all these reasons, the Court should deny plaintiff's motion to compel and review the Foreign Service Grievance Board's decision in light of the existing record.

Dated: December 15, 2006.

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/ _____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161