UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KARL OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1205 (GK) |
| | ) | |
| CONDOLEEZZA RICE, in her capacity as | ) | |
| SECRETARY OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
ENLARGEMENT OF TIME TO FILE REPLY BRIEF**

Plaintiff Karl Olson requests that the Court deny defendant's motion for an enlargement of time. Defendant argues that her presentation and argument should not be negatively impacted by the business of her counsel, particularly because the events under review occurred more than a decade ago.

Defendant's counsel is not faced with an unforeseen or emergency situation. She has known the scheduling since early December 2006. She concurred in this timing and, in fact, requested, and plaintiff agreed, to increase the extension of time from one month to two months to accommodate her own work schedule. Mr. Olson should not be penalized because defendant's counsel is not able to better manage her workload.

Defendant's counsel, unlike the undersigned who is a solo practitioner, has the resources of the U.S. Attorney's Office and the Department of State ("DOS") Legal Advisor if she needs assistance in a time crunch. The case could even have been transferred to an attorney with more time. There appears to be no good reason, except poor planning, why counsel could not complete her reply brief in a timely fashion.

Defendant's counsel complains of an imbalance in familiarity. She has had the full administrative record ("AR") available to her at least since September 19, 2006, when AR Part C was filed with the court. Before that, she had at her disposal AR Parts A and B, which defendant filed with the Court in Mr. Olson's earlier action, Civil Action No. 02-1371 (GK). Defendant, in fact, controls the AR and has controlled it from the very beginning. This extension is being requested because her counsel failed to familiarize herself with the AR at an earlier date.

Defendant also complains that plaintiff's brief is lengthy and has six exhibits. Mr. Olson's brief is only 25 pages. The five, not six, exhibits are merely cites from the plaintiff's reply brief, namely, DOS regulations and a Foreign Service Grievance Board decision. They were attached for the Court's convenience. The only other attachment is a clear copy of Mr. Olson's 1993-94 Employee Evaluation Report, since the copy in the AR is barely readable.

That the events under review occurred more than a decade ago, up to thirteen years ago to be exact, is just the point. Another week may be a short time to defendant's attorney, but she does not have the emotional, professional, financial, and personal investment in this case that Mr. Olson has. During the past year, he has been in career limbo again because DOS lawyers refused to agree not to file a motion to dismiss this case if Mr. Olson accepted a high-priority Foreign Service secondment, which he wanted to take, with the Multinational Force and Observers ("MFO") in the Sinai.[1] Mr. Olson has agreed to all of defendant's counsel's other requests for extensions, even to one she

---

[1] Mr. Olson would have had to temporarily separate from the DOS for the duration of the assignment to the MFO, only to resume his DOS status once the assignment was completed.

2

decided to forego, but at this point an additional one week takes a toll and gives the defendant an unjustified advantage.

>Respectfully submitted,
>
>/s/_____

Date:  April 30, 2007

Janine M. Brookner, D.C. Bar #467360
3645 St. Mary's Pl., NW
Washington, DC  20007
(202) 338-5743

3