UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KARL OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1205 (GK) |
| ) | |
| CONDOLEEZZA RICE, Secretary of State, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Defendant respectfully submits this response to Plaintiff's Statement of Material Facts Not in Dispute. Defendant only discovered Plaintiff's Statement of Material Facts after reviewing Plaintiff's Opposition brief, which accused defendant of failing to respond to the Statement. Defendant's counsel had not previously recognized that plaintiff had filed the Statement because plaintiff's motion was filed under seal and the paper copy served on counsel had the Statement appended to a Foreign Service Grievance Board opinion attached at Tab H. In any event, defendant respectfully submits this response to Plaintiff's Statement of Material Facts.

1. Defendant does not dispute the substance of this paragraph.

2. Defendant does not dispute the substance of this paragraph, but notes that some of the positions plaintiff mentions were temporary assignments. Defendant does not agree that this paragraph is material to plaintiff's claims.

1

3. Defendant does not dispute the substance of this paragraph but does not agree that it is material to plaintiff's claims.

4. Defendant does not dispute the substance of this paragraph, without accepting any inference as to plaintiff's competence with any of the languages listed, but defendant does not agree that it is material to plaintiff's claims.

5. Defendant does not dispute the substance of this paragraph but it is immaterial to plaintiff's claims.

6. Defendant does not dispute the substance of this paragraph.

7. Defendant does not dispute the substance of this paragraph but it is immaterial to plaintiff's claims.

8. Defendant does not dispute the substance of this paragraph but it is immaterial to plaintiff's claims.

9. Defendant does not dispute that, at times during plaintiff's posting, the NIV section in Rio was understaffed.

10. Defendant does not dispute the substance of this paragraph.

11. Defendant does not dispute the substance of this paragraph.

12. Defendant does not dispute the substance of this paragraph.

13. Defendant disputes plaintiff's characterization, but acknowledges that the NIV section was understaffed for the visa workload in 1994.

14. Defendant disputes plaintiff's characterization and does not agree that it is material to plaintiff's claims.

15. The record cites indicate that plaintiff supervised fewer staff than are indicated in this paragraph.

16. Defendant does not dispute the substance of this paragraph.

17. Defendant does not dispute that the NIV staff in Rio would not have communicated directly with the Ambassador on a routine basis.

18. Defendant disputes that the bulk of the consulate's staff was located ten stories above the NIV section, and defendant does not agree that this paragraph is material to plaintiff's claims.

19. Defendant does not dispute the substance of this paragraph.

20. Defendant does not dispute the substance of this paragraph but does not agree that it is material to plaintiff's claims.

21. Defendant does not dispute the substance of this paragraph.

22. Defendant does not dispute the substance of this paragraph but does not agree that the Department's current discrimination policies are material to plaintiff's claims. Defendant acknowledges that the Department's handling of issues related to homosexuality, including non-discrimination and reporting/investigation for security clearance purposes, were evolving in 1994.

23. Defendant does not dispute the substance of this paragraph.

24. Defendant disputes the substance of this paragraph.

25. Defendant does not dispute the substance of this paragraph.

26. Defendant does not dispute that his immediate supervisor and rating officer, Mr. Beffel, prepared portions of his 1994-1996 EERs, or that Mr. Zweifel was the reviewing officer for the 1994-1995 EER. Defendant disputes that Mr. Beffel prepared the entire EER, or that plaintiff did not play a role in crafting the EERs.

27. Defendant disputes plaintiff's characterization of these witness statements, which speak for themselves. Defendant does not dispute that the statements referenced in this paragraph were in the record before the FSGB.

28. Defendant disputes that the purpose of the 1994 Rio 2982 cable was to "report" plaintiff. Rather, the cable was a request for guidance from the Regional Security Officer to the Diplomatic Security bureau.

29. Defendant disputes plaintiff's characterization of Mr. Zweifel's statement. Mr. Zwifel: "I know nothing about an alleged 'investigation' into Mr. Olson as a 'homosexual security risk.'" A 1205.

30. Defendant disputes plaintiff's characterization of Mr. Zweifel's statement. Rather, Mr. Zweifel indicated that it was preposterous to suggest that he had instigated an investigation into plaintiff as a security risk because of his homosexuality. A 1205.

31. Defendant does not dispute the substance of this paragraph but it is immaterial to plaintiff's claims.

32. Defendant disputes the substance of this paragraph. The record does not establish how Mr. Olson came to possess the three-dollar bill. Nor do the pages cited by plaintiff indicate that Mr. Beffel was "confronted regarding this incident." Plaintiff does not cite to any pages in the record showing what questions were put to Mr. Beffel. It appears that Mr. Beffel was asked specifically to address the EERs that he prepared and to provide context for his assessment of plaintiff's performance. It also appears that Mr. Beffel was asked to respond generally to the question of whether anti-homosexual bias resulted in a prejudicial EER. Mr.

4

        Beffel's second statement made clear that he had not seen plaintiff's grievance. A 1196-1203.

33. Defendant does not dispute the substance of this paragraph.

34. Defendant disputes plaintiff's characterization of the Vice-Consul's statement, which speaks for itself.

35. Defendant does not dispute that plaintiff issued the VARIG pilot a single-entry visa, without making any representation as to the authorization or legality of that issuance. Defendant also does not dispute that the local VARIG flight operations manager complained, but defendant does not agree with the suggestion that the flight operations manager's letter represents the full extent of VARIG's complaints related to this incident.

36. Defendant disputes plaintiff's characterization of Mr. Zweifel's letter.

37. Defendant disputes plaintiff's characterization of Mr. Zweifel's statement.

38. Defendant does not agree that the record establishes that Mr. Beffel was medevaced for alcohol treatment, and defendant disputes plaintiff's characterization of the cited pages from the record.

39. Defendant does not agree that the record establishes that Mr. Beffel reportedly suffered memory lapses or had problems with absenteeism, and defendant disputes plaintiff's characterization of the cited page from the record.

40. Defendant does not dispute that the record contains statements indicating that Mr. Beffel made rambling phone calls in the evenings. Defendant does not accept plaintiff's characterization of those calls or the citations from the record, and

       defendant does not agree that the alleged phone calls are material to plaintiff's claims.

41. Defendant does not dispute that the record contains a witness statement with passages similar to the text in this paragraph, but defendant does not accept any characterization of that statement by plaintiff.

42. Defendant does not dispute that the record contains a witness statement indicating that one employee found that Mr. Beffel's professional advice was, at times, not helpful or consistent. Defendant does not accept any characterization of that statement by plaintiff.

43. Defendant does not dispute that Mr. Beffel reorganized aspects of the NIV section while plaintiff was on leave, but defendant disputes that Mr. Beffel "tried to undercut Mr. Olson's management."

44. Defendant disputes the substance of this paragraph. The record does not include any detailed description of Mr. Beffel's reorganization and does not support the conclusion that the plan violated Department regulations. Plaintiff cites only A 349, a statement from Leilani Straw. With regard to the substance of Mr. Beffel's plan, Ms. Straw stated only, "In addition to the serious issue of FSNs making visa issuance decisions, the plan did not speed up the process as was evidenced by our continued long hours." Mr. Beffel indicated that he wanted to "relieve some of the strain on the officers by using FSNs to assist with prescreening of applicants." A 1196.

45. Defendant does not dispute that the record contains statements commenting on the initial effects of Mr. Beffel's reorganization, but defendant does not accept any characterization of those statements.

46. Defendant disputes the substance of this paragraph. The record indicates that Mr. Beffel *did* support plaintiff, issuing a memo (drafted by plaintiff) "to remind all members of the Consulate General involved in visa processing that all approved visa applicants, without exception, must be namechecked against the worldwide visa lookout system before the visa is physically stamped in the passport. This is the single most important part of visa processing after the officer has approved the visa application." C 295. There is not much more on this subject in the record. However, a handwritten note on the memo quoted above suggests that Mr. Beffel was asked whether there had been problems that prompted the memo. Id. Page C 294 may be Mr. Beffel's response to that inquiry. It states: "Per your question: Karl had the FSNS working overtime the other day and he left for an hour, said he was coming back, but they had to leave so they printed about 5 and left them on his desk with a note that namechecks were only partly done. He went ballistic I think. It's the only incident I know of and was caused by unusual circumstances." C 294. In light of the memo that Mr. Beffel issued, defendant does not believe that this explanation, to someone other than the FSN who had failed to check the visa lookout system, amounts to a lack of support for "Mr. Olson's counsel to the FSN that the security of the U.S. required the visa lookout system to be checked first."

7

47. Defendant disputes plaintiff's characterization of the memo to which plaintiff is alluding in this paragraph.

48. Defendant does not dispute the substance of this paragraph.

49. Defendant does not dispute the substance of this paragraph.

50. Defendant does not dispute the substance of this paragraph.

51. Defendant does not dispute the substance of this paragraph.

52. Defendant does not dispute that the quoted language appears in the FSGB opinion, but plaintiff's characterization of it is neither controlling nor the only possible interpretation, and the Court should consider the opinion, which speaks for itself.

53. Defendant does not accept plaintiff's mischaracterization of the FSGB's opinion, which speaks for itself.

54. Defendant does not accept plaintiff's mischaracterization of the FSGB's opinion, which speaks for itself.

55. Defendant does not dispute that the FSGB found that plaintiff had not satisfied the burden of proof in establishing any omissions in plaintiff's EERs, but defendant disputes the rest of this paragraph, which assumes that plaintiff had "achievements" in the visa reciprocity lobbying initiative that should have been mentioned in his EER.

56. Defendant does not dispute the substance of this paragraph, but rejects plaintiff's mischaracterization of the FSGB's opinion along with any suggestion that the FSGB failed to consider relevant evidence in the record.

57. Defendant does not dispute the substance of this paragraph.

58. Defendant does not dispute the substance of this paragraph.

59. Defendant does not dispute that 320 pages were missing from the AR when it was initially filed with the Court, but defendant disputes that the omission was material, intentional or that culpability lies with defendant.

60. Defendant disputes plaintiff's characterization of the Court's February 4, 2005, opinion, which granted in part both parties' motions for summary judgment. The opinion speaks for itself.

61. Defendant does not dispute the substance of this paragraph, but notes that plaintiff never requested a hearing or argued that a hearing was required on remand.

62. Defendant does not dispute the substance of this paragraph.

63. Defendant disputes plaintiff's characterization of the FSGB's decision, which speaks for itself.

64. Defendant disputes plaintiff's characterization of the FSGB's decision, which speaks for itself.

65. Defendant does not dispute the substance of this paragraph.

66. Defendant does not dispute the date of 5 FAH-1 H-247.2, but defendant disputes that the purpose of the Rio cable was to "report[] Mr. Olson for exhibiting homosexual preferences."

67. Defendant does not dispute the substance of this paragraph.

68. Defendant disputes plaintiff's mischaracterization of both the FSGB decision and Mr. Zweifel's statement.

69. Defendant does not dispute that the FSGB does not discuss the cited witness statements individually in the Summary, but defendant disputes the insinuation

that the FSGB did not consider the statements, and defendant further notes that none of the individuals identified by plaintiff made any statement with regard to anti-homosexual bias or managerial dysfunction.

70. Defendant disputes plaintiff's mischaracterization of the FSGB's decision, which speaks for itself.

71. Defendant disputes plaintiff's mischaracterization of the FSGB's decision, which speaks for itself.

72. Defendant does not dispute that this language appears in plaintiff's 1995-1996 EER.

73. Defendant does not dispute that this language appears in witness statements in the record.

74. Defendant does not dispute that this language appears in the FSGB's decision, but rejects plaintiff's mischaracterization of that opinion, which speaks for itself. The FSGB's 2005 Annual Report is not in the record and is not relevant to this case.

75. Defendant disputes the substance of this paragraph. There is ample evidence in the record that Mr. Olson was disruptive. See, e.g., A 1205; A 1208-1215, A 1225-1226, A 1291.

76. This paragraph includes assertions that go beyond the scope of the administrative record and are immaterial to plaintiff's claims.

77. This paragraph includes assertions that go beyond the scope of the record and are immaterial to plaintiff's claims.

78. Defendant does not dispute the substance of this paragraph.

79. Defendant does not dispute the substance of the first sentence of this paragraph. Defendant disputes the characterization in the second sentence.

80. Defendant disputes the substance of this paragraph. The single page cited by plaintiff includes his career development officer's view that, as of 2001, the Consular Affairs front office had "skepticism" about plaintiff. The nature and source of that skepticism is not addressed. Defendant rejects the view that plaintiff's 1994-1996 EERs omitted achievements in Rio, or that inclusion of plaintiff's purported achievements in his evaluations for those two years would have altered the front office's view of plaintiff at that time, let alone six years later.

81. This paragraph includes assertions that go beyond the scope of the record and are immaterial to plaintiff's claims.

82. Defendant disputes the mischaracterization of the FSGB opinion, which speaks for itself.

83. Defendant disputes the substance of this paragraph. None of the record materials cited by plaintiff link any stress, anxiety, humiliation, or depression to his EERs. Many of the citations are to plaintiff's substantive briefing, and all refer not to the repercussions of plaintiff's evaluations, but to stress and difficulties on the job in Rio. Although defendant does not dispute that plaintiff has suffered depression, the record does not support any link between plaintiff's depression and his performance evaluations. Defendant further maintains that plaintiff's claims of non-economic harm are exaggerated and disputes any link to his performance evaluations.

Dated:  May 8, 2007.

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


/s/_____
JANE M. LYONS, D.C. Bar No. 451737
Assistant United States Attorney
555 4th Street, N.W. – Room E4822
Washington, D.C.  20530
(202) 514-7161

12