## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KARL OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1205 (GK) |
| | ) | |
| HILLARY CLINTON, | ) | |
| in her capacity as | ) | |
| Secretary of State | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION[1]

Plaintiff, Karl Olson, a Foreign Service Officer in the United States Department of State ("DOS" or the "Department"), brings this action against Hillary Clinton, Secretary of the DOS, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Plaintiff seeks judicial review of a Foreign Service Grievance Board ("FSGB" or "Board") decision, alleging that it was "arbitrary and capricious" and "tainted by prejudicial procedural errors." 5 U.S.C. § 706(2).

On March 12, 2009, Plaintiff's Motion for Summary Judgment was denied and Defendant's Cross-Motion for Summary Judgment was granted [Dkt. No. 40].

This matter is now before the Court on Plaintiff's Motion to

---

[1] Because Plaintiff filed all his pleadings under seal, it is necessary to redact various sections of this Opinion.

Alter or Amend Judgment [Dkt. No. 45].[2]  Upon consideration of the
Motion, Opposition, and Reply, the entire record herein, and for
the reasons set forth below, Plaintiff's Motion for Reconsideration
is **denied.**

Motions for reconsideration are "disfavored and relief from
judgment is granted only when the moving party establishes
extraordinary circumstances."  Andreen v. Lanier, 582 F. Supp. 2d
48, 49-50 (D.D.C. 2008) (quoting Niedermeier v. Office of Baucus,
153 F. Supp. 2d 23, 28 (D.D.C. 2001)).  A motion for
reconsideration is granted only when "there is an intervening
change of controlling law, the availability of new evidence, or the
need to correct clear error or manifest injustice."  Anyanwutaku v.
Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting Firestone v.
Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); see also Pl.'s
Mot. at 1.  Even if evidence is "newly raised," it is not
considered "new" evidence if it was "previously available."
Schoenbohm v. FCC, 204 F.3d 243, 250 (D.C. Cir. 2000) (quoting ICC
v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 283 (1987)).

Here, Plaintiff argues that his Motion for Reconsideration

---

[2]   Motions filed under Fed. R. Civ. P. 59(e) are often
referred to as "motions for reconsideration."  See, e.g.,
Anyanwutaku v. Moore, 151 F.3d 1053, 1058 (D.C. Cir. 1998) (stating
the standard of review for "Rule 59(e) motions for
reconsideration").  For the purposes of maintaining consistency
with this Court's prior opinions, see, e.g., Wright v. FBI, 598 F.
Supp. 2d 76, 77 (D.D.C. 2009), the term "motion for
reconsideration" will be used hereinafter.

"did not simply repeat arguments" but instead "raised important issues that the Court did not address."  Pl.'s Reply at 1. Specifically, he argues that his Motion for Reconsideration raises two such issues: the "personal and managerial dysfunction" of Plaintiff's supervisor Edwin Beffel, Pl.'s Mot. at 2-3, and the Board's decision to make credibility determinations without a hearing, id. at 7-8.

Plaintiff raised both of these issues in his Motion for Summary Judgment [Dkt. No. 30]. Pl.'s Mot. for Summ. J. at 14, 26-30.  Because he raised them previously, they were "previously available."  Accordingly, they are not "new" evidence.

In addition, neither of these arguments presents evidence of "clear error" or "manifest injustice."  First, Plaintiff presented no evidence that the FSGB is required to hold a hearing prior to making credibility decisions.  See generally Pl.'s Mot. at 7-8. Second, the record contained substantial evidence from numerous sources that corroborated Plaintiff's Employee Evaluation Reports ("EERs").  See Mem. Op. at 19-20 ("For each of Plaintiff's allegations, the Board cites to evidence from numerous sources affirming the statements made in the EERs at issue.").

Plaintiff also argues that the Court made "at least two significant errors."  Pl.'s Reply at 2.  The first error, according to Plaintiff, is that the Court "said that the FSGB's decision made no mention of the Cable targeting plaintiff."  Id.  In fact, the

Court stated only that the "Discussion and Findings" section fails to mention the Cable. Mem. Op. at 18 ("It is problematic that the Discussion and Findings section of the FSGB's decision makes no mention of the Cable."). Therefore, Plaintiff's reading of the Opinion is mistaken.

Plaintiff next argues that the Court erred when it stated that "plaintiff's co-workers consistently made negative statements about him" because eight of his co-workers made "consistently positive and inherently credible" statements. Pl.'s Reply at 2. Plaintiff argues that "only one co-worker had anything negative" to say about him. Id.

In fact, the Court never stated that all of Plaintiff's co-workers made negative statements about him. See Mem. Op. at 6-7 (describing statements made in support of Plaintiff by his co-workers). Instead, it stated that "numerous sources . . . provide strong support for the Board's conclusion that the EERs were accurate." Id. at 19-20. As detailed in the Opinion, statements by James Thiede, Mark Lore, Layton Russell, Nadia Tongour, Charles Trotter, Roland Estrada, Melvyn Levitsky, and James Derham support the Board's conclusion. Id. at 4-6.

In addition, as the Opinion noted several times, the law is well-settled that it is not a court's role to "determine the facts anew or to reach its own conclusions about whether Plaintiff's EERs were accurate." Id. at 19. It was the Board's job, and not the

4

Court's, to weigh the evidence.  <u>Id.</u> at 14 ("The FSGB is
responsible for making findings of fact.") (citing <u>Toy v. United
States</u>, 263 F. Supp. 2d 1, 7 (D.D.C. 2002)); <u>see also</u> <u>Mem. Op.</u> at
18-19 ("[T]he Court must determine not whether the Board's decision
was perfectly correct, but whether it was arbitrary.").  Based on
the substantial amount of supporting evidence in the record, the
Board did not act arbitrarily or capriciously in determining that
the evidence in the record showed that the EERs were not falsely
prejudicial.

Finally, Plaintiff argues that the Court "wrongly determined
that plaintiff's evaluations were accurate despite the existence of
bias, dysfunction, and motive."  Pl.'s Mot. at 2.  The Court found
that bias existed, but it recognized that the existence of "bias,
dysfunction, and motive" does not necessarily require the
conclusion that the EERs were falsely prejudicial.  <u>See</u> Mem. Op.
at 19 ("[E]ven biased raters and reviewers can prepare valid EERs.
Therefore the critical question is not whether bias existed -- it
did -- but whether the FSGB's decision was arbitrary and capricious
when it determined that the EERs were not falsely prejudicial.")
(internal quotation marks and citations omitted).

As discussed <u>supra</u>, there is substantial support in the record
for the Board's conclusions.  Therefore the Board did not act
arbitrarily or capriciously in determining that the EERs were not
falsely prejudicial.

For the reasons set forth above, Plaintiff's Motion to Alter or Amend Judgment is **denied.**   An Order shall accompany this Memorandum Opinion.


July 2, 2009

/s/
Gladys Kessler
United States District Judge

**Copies to: Attorneys of record via ECF**